Benjamin Gassman, J.
The defendant is charged with having failed to obey a subpoena served upon him by the Attorney-General in a Martin Act proceeding. The subpoena was issued by the Attorney-General on February 21, 1958 and directed the defendant to appear before the Attorney-General on February 25, 1958 at 2:00 p.m. to testify ‘ ‘ in regard to matters relating to the practices of John Doe and others in the issuance, sale, promotion, negotiation, advertisement, distribution or purchase of securities in and from the State of New York.” It is admitted that the subpoena was not served on defendant until 8:00 p.m. on February 24, 1958. Defendant failed to appear at the time and place set forth in tne subpoena, whereupon this information was filed against him.
Defendant moves to dismiss the information on the following grounds: (1) that he was not tendered a witness fee, and (2) that his failure to appear was not ‘‘ without reasonable cause. ’ ’
In the moving affidavit defendant states that following the service of the subpoena upon him, he attempted to retain an attorney to appear with and for him; that he was unable to do so “in the short time available,” and that he communicated with the Attorney-General and requested an adjournment, *484 which was refused. Defendant states that he failed to appear at the time set forth in the subpoena ‘ ‘ because and only because he was unable on short notice to retain the services of an attorney.” He states further that on February 26, 1958 he communicated with the Attorney-General and was told that he need not appear, since a warrant had already been issued for his arrest. He retained his present attorney on February 26, 1958 and on February 28,1958 he surrendered himself to a warrnt officer, following the issuance of a warrant against him.
The defendant further contends that he was not tendered a fitness fee at the time the subpoena was served upon him.
The Attorney-General, opposing the motion, states that the defendant never demanded any witness fee, and in fact failed to appear pursuant to the subpoena.
The first point raised by the defendant, to wit: the failure to tender to him a witness fee, has no basis in law. Subdivision 3 of section 352 of the General Business Law provides that no person shall be excused from attending pursuant to a subpoena on the ground of failure to tender a witness fee to him, “ unless at the time of his appearance he makes demand for such payment as a condition precedent to his testifying.” The moving papers do not make any claim that any such demand was made by the defendant either at the time when the subpoena was served upon him or at the time when he claims to have offered to appear on the date following the return date of the subpoena. The first ground urged by the defendant for the dismissal of the information therefore, is without merit.
We now come to the second ground, to wit: that defendant’s failure to obey the subpoena was not “unreasonable.” Subdivision 4 of section 352 of the General Business Law provides that “ If a person subpoenaed to attend such inquiry fails to obey the command of a subpoena without reasonable cause * * * he shall be guilty of a misdemeanor. ” (Italics added.) A person served with a subpoena owes a duty to obey it. The defendant’s excuse that he did not have sufficient time to retain an attorney between 8:00 p.m. on February 24,1958 and 2:00 p.m. on February 25, 1958, is one which cannot be disposed of on this motion. It should be presented to the trial court which, after listening to the testimony presented by the witnesses, subjected to the acid test of cross-examination, may then determine whether defendant’s failure to obey the subpoena was with or without reasonable cause. This court will not prejudge the case nor usurp the function of the trial court by now making a determination of this question on affidavits, particularly when *485 the moving affidavit is contradicted in several respects by the answering affidavit. While the defendant states in his moving affidavit that he communicated with the Attorney-General on the morning of February 25, 1958 and requested an adjournment “for a brief period” so that he might have an opportunity to retain an attorney, the Attorney-General’s answering affidavit alleges that at 11:00 a.m. on February 25, 1958 he “ received a telephone call from an individual who claimed to be the defendant” and who “requested an adjournment inasmuch as he stated that he had a backache.” The Attorney-General further states that at 2:10 p.m. on February 25, 1958 he received a call from an individual' who claimed he was Sidney Josephson, an attorney, requesting an adjournment, but that at 4:30 p.m. on the same day, following a telephone call by the Attorney-General to the said Josephson, the latter telephoned, stating that he did not represent the defendant and was not interested in this matter.
It is thus clear that the question of whether defendant’s failure to obey the subpoena was excusable, cannot be determined on affidavits on a motion to dismiss the information and must be relegated to the trial court. The Attorney-General contends that defendant’s failure to appear at the time and place set forth in the subpoena virtually rendered his investigation abortive, and that defendant’s subsequent offer to appear did not, in any way, mitigate the offense. This is another question for determination by the trial court.
This motion cannot be considered as a demurrer under section 323 of the Code of Criminal Procedure. That section provides that a defendant may demur to an indictment (or information) where it appears upon the face thereof “ That the facts stated do not constitute a crime” (subd. 4); or on the ground “That the indictment [or information] contains matter, which, if true, would constitute a legal, justification or excuse for the acts charged” (subd. 5). The information, on its face, sufficiently charges a violation of section 352 of the General Business Law. On a motion to dismiss an information on the above grounds, the facts set forth in the information must be deemed to be true. (People v. Chester, 4 Misc 2d 949.)
Accordingly the defendant’s motion is in all respects denied.