Mario Pittoni, J.
The petitioner requests a review and annulment, pursuant to article 78 of the Civil Practice Act, of the determination of the Town Board on July 7, 1959 wherein the Town Board gave the petitioner permission to use his premises as an office for the practice of dentistry, but imposed the conditions and limitations to which the petitioner now objects.
It appears that the petitioner, a dentist, purchased the property in 1950 and occupied the house thereon with Ms family for residential purposes, and also for the practice of dentistry. At that time the area in which the property was located was zoned “D Residential”, and the ordinance which pertained to that area permitted a professional person residing on the premises to use his residence for professional use if such use was within the main dwelling and did not occupy more than one third of the first floor area. Thereafter, and some time in 1955, the petitioner moved his residence to another location, continued to practice dentistry on the subject property, and leased a portion of the residence to a tenant or tenants.
On March 17, 1959, the Town Board amended the zoning ordinance so as to permit a dentist who had resided at and conducted his practice from a residence for not less than two years *363 to continue the practice of his profession therein, whether he continued to reside there or not, when permitted b> the Town Board as a special exception after a public hearing and subject to such conditions, limitations and safeguards as to the Town Board appeared appropriate. Thereafter, the petitioner applied to the Town Board for such a special exception and was granted the request upon certain conditions and limitations.
Although the petitioner in his documents has raised objections to three of the conditions, on the oral argument he abandoned all objections except to condition No. 4 which states as follows: “ The premises shall be used for the purpose of conducting the practice of the applicant’s profession as a dentist, and shall not be used for residential purposes for any other person or persons than the applicant himself together with the immediate members of his family.”
Let us go back to fundamentals. Zoning is a legislative function, and a zoning or rezoning ordinance or an amendment thereto is presumed constitutional and valid. The burden of proving such a legislative act unconstitutional or otherwise invalid is upon the assailant. If the validity of the ordinance or the amendment thereto is fairly debatable the judgment of the legislative body is conclusive and beyond the interference of the courts. (Linn v. Town of Hempstead, 10 Misc 2d 774, 775, 782; Rodgers v. Village of Tarrytown, 302 N. Y. 115, 121; see, also, Wiggins v. Town of Somers, 4 N Y 2d 215, 218, 219.)
The petitioner argues that condition No. 4, in restricting the use of the premises as a residence to the petitioner or his immediate family only, and in prohibiting the rental of the remaining portion of the premises to a tenant, is arbitrary, capricious and unreasonable. He urges that under that part of the existing statute which has not been affected by the amendment, the petitioner would be limited to one third of the first floor for the use of his dental office and that the rest of the premises would be required to remain unused and unoccupied and thus wasted. However, “ office ” has been defined as “ The place where a particular kind of business or service for others is transacted”. (Webster’s New Int. Dictionary [2d ed.], Unabridged.) Therefore, the restriction would be only as to the waiting room or rooms and as to the office itself where the patients would be interviewed or treated. The rest of the building could be used for other purposes for the benefit, comfort and convenience of the dentist petitioner and his staff, whether the staff consisted of a nurse, a dental assistant, or both.
Thus, the petitioner has failed to sustain his burden of proof and it cannot be said that the Town Board was arbitrary, unrea *364 sonable or capricious. It did have the right to deny the application, and in having that right to deny it had the right to grant the application subject to a reasonable condition or conditions. The attempt on the part of suburban municipal governments to keep their areas primarily residential should not be lightly brushed aside in this day when there is a continual attempt by commercial and nonresidential interests to invade purely residential areas.
The petition is dismissed.
Submit order.