Benjamin Gassman, P. J.
The defendant demurs to the information on the ground that (1) the facts stated in the information do not constitute a crime, and (2) that the information is defective “in that it does not set forth the jurisdiction of the court
The information charges the defendant with a violation of section 343 of the General Business Law in that he failed to obey the command of a subpoena issued by the Attorney-General in the course af an antitrust investigation conducted by the Attorney-General under the “ Donnelly Act ” (General Business Law, §§ 340-347). It is the defendant’s contention that in view of the fact that section 343 provides that “ If a person subpoenaed to attend such inquiry fails to obey the command of the subpoena without good cause * * * he shall be giulty of a misdemeanor ” (emphasis supplied) that the information should have contained an allegation to the effect that the defendant’s failure to obey the subpoena was without good cause. We hold that the question of whether the failure to obey a subpoena was “with good cause” is a matter of defense (People v. Rehn, 10 Misc 2d 482) and that the information does not have to contain such an allegation.
Defendant’s second contention is based on the fact that the information does not allege that it was filed pursuant to the direction of the Grand Jury and the order of the Court of General Sessions. Section 742 of the Code of Criminal Procedure provides that all criminal actions in this court must be prosecuted by information made by the District Attorney, (1) on returns filed pursuant to section 221 of the code, or (2) filed by *620 the District Attorney by direction of a Grand Jury approved, upon order, by the court for which the Grand Jury was drawn. The papers before us indicate that there is attached to the information a certified copy of the Grand Jury’s direction as well as a certified copy of the order of the Court of General Sessions approving the direction. The information need not allege the facts respecting the direction nor the order approving it, any more than it need allege that the information was hied pursuant to a Magistrate’s return.
The demurrer should be therefore disallowed.
Concur — Ferreri and Strong, JJ. ;
Demurrer disallowed.