Bernard S. Meyer, J.
This article 78 proceeding presents the question whether section (1-20.0 of the Building Zone Ordinance permits a dentist to continue practice in a professional office in a residence, the residential portion of the premises being occupied by another person. The court holds that it does and that the Board of Zoning Appeals was in error in construing the ordinance to the contrary and, therefore, it annuls the board’s decision and remands the matter to the board for a further hearing and for proceedings not inconsistent with this decision.
Petitioner’s premises are situated in a Residence “ B ” zone in which are permitted single-family occupancy and (§ B-1.6) ‘ ‘ Accessory use on the same lot with and customarily incidental to any of the above permitted uses, including a private garage. This shall be understood to include the professional office or studio of a doctor, dentist * * * provided the office * * * is located in the dwelling in which the practitioner resides ”.
Section G-20.0 provides: ‘1 Anything in this Ordinance to the contrary notwithstanding, in any Residence District, if approved *1008 by the Board of Appeals as a special exception after a public hearing and subject to the provisions of Article 12 herein, premises may be used by a physician or a dentist for the conduct of his practice irrespective of whether said physician or dentist resides or has resided at said premises. Such special exception shall be granted only to single practitioners, and, in the event a special exception shall be authorized by the Board of Appeals pursuant to this Section, said special exception shall be limited to an individual practitioner and shall specify that, in the event more than one practitioner utilizes the special exception, it shall become null and void.”
Petitioner’s application for special exception has been denied by the board not for any reason which the board is authorized to consider under the provisions of the ordinance governing special exception, but because the board concluded that “ This section does not authorize maintenance of a professional office in a residence as a non-accessory use where the residential portion of the premises is to be occupied by a tenant,” that “there is no provision in * * * Section G-20.0 for the relief sought,” and that “in fact what the applicant seeks herein is a ‘ use variance’.”
The board’s construction is erroneous for a number of reasons. First, its decision nowhere explains how it comes to pass that residential use requires a use variance in a residential district. Respondents point to no provision in the ordinance mandating that when premises are used pursuant to a special exception they may not also be used for a permitted use. Clearly there is nothing inimical to the general welfare in the joinder of residential and professional use, for section B-1.6 permits that very thing when the practitioner resides on the premises. Nothing in the wording of section G--20.0 mandates the board’s conclusion that rental of the residential portion of the premises is inconsistent with the special exception. Noteworthy is it that though the section applies to premises in any residential district, the only limitation it imposes is upon use of “ the special exception ” (i.e. — the professional use), not upon use of the premises. Unless and until the Town Board expressly declares that the uses permitted in a district become impermissible when part of a premises is used for a special exception use, the construction adopted by the Board of Appeals cannot stand.
Secondly, the board’s reference to what section G-20.0 permits as “ a non-accessory use ” begs the question. Accessory use can mean either (1) not the dominant use (see Baddour v. City of Long Beach, 279 N. Y. 167) or (2) use by the same person who uses the dominant residential portion (Rathkopf, Law of *1009 Zoning & Planning, ch. 23). The requirement in the proviso to section B-1.6 that the office be located in the dwelling in which the practitioner resides makes clear that ‘ ‘ accessory ’ ’ in that section has both meanings. As to physicians and dentists, however, section Gr-20.0 excises the second, but not the first, meaning. So long as the use by such a practitioner is subordinate to residential use of the premises it remains “accessory”. Unless residential use of the remainder of the premises is permitted the result in many cases will be not ‘ ‘ a non-accessory use ”, but a “ use accessory to a non-use ”, for the limitation of the special exception to no more than one practitioner makes unlikely that many will use an entire residential premises for practice.
Thirdly, the board’s construction ignores the rule that zoning ordinances being in derogation of the common law are to be strictly construed. Since section Gr-20.0 specifies that only one practitioner may utilize the special exception, the practical effect of the board’s construction is to deprive a practitioner who is also the owner of the property of the beneficial use of part of his property by requiring that it remain vacant (cf. Matter of Hoffman v. Harris, 17 N Y 2d 138, 146). To construe the ordinance to impose so feckless a restriction is inconsistent with the rule of strict construction.
Fourthly, respondents’ construction ignores the maxim expressio unius, exclusio alterius. Section Gr-20.0 contains carefully spelled out limitations upon the use for a physician’s or dentist’s practice of residential premises in which the physician or dentist does not reside. Such special exception (1) may be granted only to a single practitioner, (2) shall be limited to an individual practitioner, and (3) shall specify that, in the event more than one practitioner utilizes the special exception, it becomes null and void. Clear it is, therefore, that the Town Board was aware of the possible problems and knew how to make the exclusions it deemed proper. Clear from section B-1.6 is it, also, that the board was aware that some premises in residential districts were used both as residences and professional offices. Had it intended to exclude that possibility when a special exception was granted to a nonresident practitioner as allowed by section G--20.0, it could have done so by the simple device of substituting for the words “ more than one practitioner utilizes the special exception ”, the words “ anyone other than the individual practitioner utilizes the premises ’ ’. Since it did not do so, the Board of Appeals, which is without legislative power, may not read such a limitation into the section Matter of Community Synagogue v. Bates, 1 N Y 2d 445, 455).
*1010 Matter of Weinstein v. Burns (20 Misc 2d 362) cited .by respondents does not sustain their position, for that case concerned a condition imposed by the Town Board in tionnection with the grant of a special exception, whereas in the present case the respondent Board of Appeals expressly refused to consider the matter as a special exception. Since the board did not pass upon the special exception applied for, it may not, as it seeks in its pleadings to do, now raise the issue that petitioner did not present evidence sufficient to meet the requirements of article 12 of the ordinance (Matter of Barry v. O’Connell, 303 N. Y. 46), even if it be assumed, which is far from clear, that presentation in °the form of a statement by counsel is not sufficient (cf. Matter of Stevens v. Horn, 40 Misc 2d 351).