James F. Niehoee, J.
The defendant was tried before the court on August 6, 1969, on three informations charging him with violations of section 20.46 of the Building Zone Ordinance of the Town of North Hempstead, to wit, that on June 10, 1968, August 20, 1968, and January 3, 1969, defendant used the front yard setback for ,the purpose of parking motor vehicles. Bach of the informations also charges the alleged violation is a continuing one. • The subject section, which was enacted on October 10, 1967, insofar as pertiiient, reads as follows: “ No space for the parking of motor vehicles shall be installed or maintained on any plot in the area required or utilized for the front yard of *387 such plot except when permitted by the Board of Zoning and Appeals upon a finding that the enforcement of this prohibition will cause the occupant of the plot undue hardship and is not required in the public interest.”
During the course of the trial the defendant conceded (a) that from October, 1963 to the date of trial, he had used the front yard setback area of the premises to park new and used automobiles for the purpose of sale and display, and that the prior user had made similar use of the front yard setback area since 1945, and (b) that he had not received permission from the Board of Zoning and Appeals to make such use of the front yard as required by the provisions of section 20.46. Accordingly, it is manifest that the People have established a prima facie case on defendant’s own concessions. However that may be, defendant contends that he must be acquitted upon the grounds (1) that the use by defendant and his predecessor of the front yard setback area for parking prior to the adoption of section 20.46 on October 10, 1967 conferred upon defendant the right to continue such use after October 10, 1967, i.e., as a nonconforming use, and (2) that the use of the front yard setback area for parking automobiles is a proper accessory use to the defendant’s business of selling new and used automobiles.
These two arguments will be treated seriatim.
A nonconforming use is a use which lawfully existed prior to the enactment of a zoning ordinance, and which is maintained after the effective date of such ordinance. As indicated above, defendant asserts that he began parking cars in the front yard setback area for the purpose of sale and display prior to the adoption of section 20.46 (which made such use a conditional one), and that at the time such practice was commenced it was lawful to use the front yard for parking vehicles.
The People, on their part, concede that defendant (and his predecessor user) commenced parking cars in the front yard prior to the adoption of section 20.46. However, the People maintain that even before the enactment of section 20.46, it was a violation of the Zoning Ordinance for defendant to park automobiles in the front yard for sale and display and that a nonconforming use cannot be based upon a violation of the ordinance.
The People’s claim of illegality is based on alternative premises : first, that during the entire period defendant and his predecessor were parking vehicles in the front yard, such use was a prohibited usé by reason of the definition of “front yard” contained'in the Zoning Ordinance and second, that if such use was not a prohibited use, it was a conditional use *388 requiring the approval of the Board of Zoning and Appeals, which was never obtained.
Heretofore, defendant made a motion to dismiss the earliest of the informations claiming that the information ‘1 fails to allege that I [defendant] do have a non-conforming use and for that reason, and since I [defendant] do have a non-conforming use, the information must be dismissed”. The Honorable Benjamin Zippee, Judge of this court, denied said motion by order dated June 24, 1969, which reads as follows: “ The non-conforming use which the defendant claims to be a fact in this case is a matter of defense and need not be a part of the information. (People v. D’Amato, 20 Misc 2d 618 * * *.)"
Thus, the issue to be decided is whether defendant has overcome the People’s prima facie case by means of its defense of nonconforming use. The court finds that he has failed to establish such defense.
Parking space for the parking, storage and sale of automobiles is presently a conditional use (section 15.26 of the current ordinance) and has been a conditional use since July 10, 1945 (section 102.5 of the 1945 ordinance), i.e., prior to the date on which defendant or his predecessor began making such use of the front yard. Stated differently, under the terms of section 15.26 of the Building Zone Ordinance, and its predecessor, section 102.5, premises may be used as parking space “for the parking, storage and sale of automobiles ’ ’ only when authorized by the Board of Zoning and Appeals, pursuant to the provisions of article XXII of the Building Zone Ordinance of the Town of North Hempstead. (Article XVII of .the 1945 ordinance.) Defendant has not established — indeed, defendant does not even claim — that he ever obtained such a conditional use with respect to the front yard setback area. Bather, defendant’s claim of nonconforming use is based upon the mere fact that since October, 1963 he has parked automobiles in the front yard for the purpose of sale and display and that his predecessor in use did the same from December, 1945, both of which dates, are subsequent .to the enactment of the ordinance requiring a permit to use premises as parking space for the parking, storage and sale of automobiles. As stated earlier, a nonconforming use cannot be based upon a violation of the zoning ordinance (Town of North Hempstead v. Levitt & Sons, 24 Misc 2d 393, affd. 13 A D 2d 989). It follows that the defendant has failed to make out the defense of nonconforming use herein.
The fact that the town did not charge defendant with any violation of the ordinance prior to the enactment of section *389 20.46 on October 10, 1967 does not alter the illegal character of defendant’s activity in the front yard during the period from October, 1963 to the date referred to in the information.
In view of the above holding, the court finds is unnecessary to reach the question of whether or not the parking of vehicles in the front yard was a totally prohibited use prior to October 10,1967, as urged by the town.
The remaining question is whether defendant has the right to park vehicles in the front yard as an “ accessory use ”.
Zoning ordinances commonly permit accessory or incidental uses in connection with an established main use, conforming or nonconforming. Needless .to say, if an accessory use can be expanded and made the main use of the premises without offense to an ordinance prohibiting change of use, or if the main use can be expanded beyond permissible area limits by simply labeling the main use an accessory use when such use is carried on outside the permissible limits of the main use, the zoning ordinance is underminded and weakened. The principal judicial device used to block these practices is a narrow definition of accessory use. (See 67 N. Y. Jur., Zoning and Planning Laws, § 99.)
In recognition of the foregoing possibilities, the Town of North Hempstead has written into its Building Zone Ordinance a definition of “accessory use”. Thus, section 23.3 thereof defines an accessory use as a “ subordinate * * * use customarily incidental to and located on the same lot occupied by the main building or use.” Accessory uses, when allowed, are variations of the actual use to which the property is put.
In the case at bar, the use to which defendant is putting the front yard setback area is not a variation of the actual use to which the property is put, i.e., a subordinate use. On the contrary, it is the same or the dominant use, namely, the sale and display of motor vehicles. The use by the defendant, in order to be an accessory use in the situation before the court, must not be the dominant use (Matter of Schwartz v. Chave, 53 Misc 2d 1007; Baddour v. City of Long Beach, 279 N. Y. 167). Moreover, in no event may accessory uses violate setback restrictions.
Accordingly, the defendant is found guilty. He will appear for sentence on November 26, 1969, at 9:30 a.m.