Bernard S. Meyer, J.
Petitioner in this article 78 proceeding seeks an order directing the Building Inspector of the Town of Oyster Bay to issue a building permit. Although the permit was denied because the application “ does not conform to Art. VI Sec. D-3, ” respondent acknowledges the basis of its denial was not any deficiency in area (petitioner had, indeed, obtained a variance) but that petitioner had failed to provide 11 the required certificate of approval from the New York State Department of Public Works.” The only “ requirement ” to which reference is made is set forth in the Instructions For Preparing Building Permit Applications and reads as follows: l.(b)8. — “on state highways — A permit must be obtained from the permit division of the N. Y. State Department of Public Works at Babylon, N. Y. (Bring permit with you to engineers for inspection).” Section 52 of the Highway Law requires that a permit be obtained for work “in or upon ” a State highway. It is not claimed that any of the work to be done under petitioner’s application will be “in or upon ” the State highway, nor even that any curb cuts along the State highway side of the property are proposed. Respondent says, however, that it is entitled to impose reasonable regulations governing issuance of building permits and that the above-quoted requirement is reasonable. The short answer is that since the State has no authority to issue any permit with respect to structures alongside as distinct from work “in or upon ” the highway, the requirement is arbitrary.
The formula for delaying building in the bed of a mapped street (General City Law, § 35; Village Law, § 179-n; Town Law, § 279; Nassau County Government Law, § 1611; L. 1936, ch. 879) or of putting possible transferees on notice that particular property is within an area of proposed condemnation (Nassau County Civil Divisions Act, § 520.4) is well known to the Legislature. Whatever the ultimate determination concerning the constitutionality of such statutes (see Headley v. City of Rochester, 272 N. Y. 197 and Matter of City of New York, [Southern Blvd.], 262 App. Div. 263) it is clear that in the absence of statute, the State may not prevent the issuance of a building permit because the structure is to be put on land within a proposed widening. *91 It follows that respondent’s refusal of the permit here in question is without authorization (Matter of Corrado v. Wolf, N. Y. L. J., June 22, 1962, p. 14, col. 4; Matter of Aster Agency v. Miller, 13 Misc 2d 946; Matter of Lido Links Homes v. Young, 13 Misc 2d 157; Matter of Froehlick v. Johnson, 14 Misc 2d 33, affd. 7 AD 2d 757; Matter of Magnolia Homes Corp. v. Miller, 143 N. Y. S. 2d 231; Matter of Crager Realties v. Wolf, N. Y. L. J., Nov. 24, 1959, p. 14, col. 6). The application is granted, with costs.