Bernard S. Meyer, J.
Petitioners seek an order in the nature of mandamus requiring the town Building Inspector to issue three building permits. The properties in question lie within an area which the town seeks to acquire by condemnation for use as a swimming pool. The facts are not in dispute. The Building Inspector denied the permits “ on the grounds that we are in the process of condemning this property.” In so doing, he acted wholly without authority and, therefore, arbitrarily. It follows that petitioners are entitled to the judgment they demand.
The town does not deny that petitioners can make no use of their property without a permit nor does it offer any suggestion when condemnation will be completed. Bather it argues that mandamus is discretionary and the court should exercise discretion to deny the application because if petitioners obtain permits, the only effect will be to increase the cost of the properties to the town. The difficulty with the argument is that there exists no statute similar to section 279 of the Town Law, section 35 of the General City Law or section 179-n of the Village Law authorizing the Building Inspector to delay issuance of a permit in a case such as this. Such a statute which provides for and requires the balancing of the public and private interests involved and authorizes the Board of Appeals to grant a permit after a hearing is constitutional (Rochester Business Inst. v. City of Rochester, 25 A D 2d 97) but it will be noted contains safeguards protecting the property owner against confiscation. Here the Building Inspector points to no statute or ordinance authorizing him to withhold issuance of a permit, and, therefore, the variance power given the Board of Appeals by subdivision 5 of section 267 of the Town Law cannot be called into play. He may not usurp the power and then in order to preserve the constitutionality of his action urge that the court should supply the missing safeguards of property owners’ rights by balancing equities. Until such time as section 279 of the Town Law is broadened to include not only mapped streets but also all other types of condemnation, the fact that condemnation is in process will not justify denial of a building permit for property such as is involved in this case (see Matter of Corrado v. Wolf, 37 Misc 2d 89).