■ In the Matter of HIGHWAY DISPLAYS, INC., Respondent, v. ZONING BOARD OF APPEALS OF THE TOWN OF WAPPINGER et al., Appellants, and the VILLAGE OF WAPPINGERS FALLS, Respondent.— In a proceeding pursuant to article 78 of the CPLR to review a determination of the Zoning Board of Appeals of the Town of Wappinger, rendered December 12, 1967, which revoked a building permit that had been issued by the Building Inspector of said town on July 19, 1967, said Zoning Board of Appeals and three individual property owners appeal from a judgment of the Supreme Court, Dutchess County, dated May 28, 1968, which annulled the determination. Judgment reversed, on the law, with $10 costs and disbursements against petitioner, and proceeding remitted to the Special Term, for a hearing and determination on the issues hereinafter set forth. The permit in question was for petitioner's construction of a 15 foot by 25 foot building and two Rohm No. 6 TV antenna towers, not to exceed 40 feet in height, on a parcel of land situated on the northeast corner of a primary residential development, wherein the three individual appellants own propinquous property. In our opinion, it was error for the learned Special Term to conclude that the adjoining property owners had failed timely to file their appeal to the Zoning Board of Appeals from the issuance of the permit because their appeal was filed more than 30 days subsequent to the issuance of the permit. While it is true that the By-Laws of the Zoning Board of Appeals required an appeal to be taken within 30 days, it is to be noted that such 30-day period began, as provided in the By-Laws, "after the date of receipt of written notification by the interested party or parties of the decision of the enforcement official." It is also noted that the By-Laws required such appeal to be taken on an official form for that purpose. At bar, insofar as presently appears, the permit was issued on July 19, 1967, in a transaction in which only petitioner and the Building Inspector were involved. Since the property owners had received no actual notice of the issuance of the permit, under settled authority they were free to act within 30 days after they reasonably became chargeable with notice of what had occurred in the transaction between petitioner and the Building Inspector, so long as no elements of undue delay or laches were present (*Matter of Pansa* v. *Damiano,* 14 N Y 2d 356, 359–360; see, also, *Traikoff* v. *Herrema,* 30 A D 2d 271, 272–273). It is undisputed that construction activities on petitioner's property were first noticed by the property owners on or about August 15, 1967 and that on or about August 30, 1967 they initiated their appeal to the Zoning Board of Appeals, albeit on unofficial papers which were not finally regularized by official form until on or about November 2, 1967. Under the circumstances, however, the property owners' appeal was timely taken, since it was actually commenced within 30 days after they received notice of petitioner's activities in pursuance of the privilege accorded to petitioner by the permit (*Matter of Pansa* v. *Damiano, supra*). The fact that their appeal was started on an unofficial form is of no consequence or materiality since the proceeding and its object were communicated to petitioner and the local officials concerned therewith. In view of the fact that the learned Special Term disposed of this case only on the procedural ground that the property owners had not timely perfected

their appeal to the Zoning Board of Appeals, and did not pass on any of the substantive issues affecting the validity of the issuance of the permit, this proceeding is now remitted to the Special Term to pass upon the substantive issues and the questions raised thereby. As outlined in the present papers of the parties hereto, there appear to be at least four critical questions which cannot be disposed of on the present record and which should be passed on by the Special Term, in consonance with the proof adduced thereon, if any there be, namely, (a) whether the Zoning Board of Appeals properly concluded that the construction of a business building and television tower in a residential area amounted to an unwarranted mixture of commercial and residential uses, in violation of the local zoning ordinances; (b) whether the local zoning ordinance countenanced exceptions for a public utility in a residential area, and whether petitioner, in its pursuit of the business of cable television installations and connections, is a public utility; (c) whether the Zoning Board of Appeals would be impermissibly engaged in spot-zoning if it ruled that petitioner was a public utility; and (d) whether there can be no finding that the Zoning Board of Appeals acted in bad faith, unreasonably, or in abuse of discretion, and whether, in the absence of such finding, the court should not interfere with the administrative decision, particularly since an installation, allegedly fraught with danger to children and an alleged eye-sore to the community, is here involved. In addition, in view of the necessity of a hearing, upon appropriate amendment, the parties may amend their papers to raise any further questions affecting the merits of this controversy which to them shall seem proper. Christ, Acting P. J., Brennan, Rabin, Benjamin and Martuscello, JJ., concur.