Bernard S. Meyer, J.
This application for a preliminary injunction turns on construction of the fourth unnumbered paragraph of § 179-b, of the Village Law which provides: “An appeal [from a determination made by an administrative officer] stays all proceedings in furtherance of the action appealed from, unless the officer from whom the appeal is taken certifies to the board of appeals after the notice of appeal shall have been filed with him that by reason of facts stated in the certificate a *668 stay would in his opinion, cause imminent peril to life or property, in which case proceedings shall not be stayed otherwise than by a restraining order which may be granted by the board of appeals or by a court of record on application, on notice to the officer from whom the appeal is taken and on due cause shown.” The same provision appears in Town Law (§ 267, subd. 4), General City Law (§ 81, subd. 3) and New York City Charter (,§ 668, subd. c).
On January 28,1969, plaintiff was issued a permit to construct a building for light manufacture. On October 7, 1969, after construction was fairly far along, the Building Inspector 1 ‘ withdrew ” the permit, apparently on the basis that it had been issued in error as to the parking space required. Plaintiff immediately appealed to the Board of Appeals ,and served notice upon the Building Inspector that further action by him was stayed. The inspector nonetheless caused summonses to issue and directed plaintiff to stop work on pain of having all workmen on the job arrested. Plaintiff contends that the Building Inspector is acting on behalf of the Freeport Urban Renewal Agency, whose plans include the land under the building in question; and some credence is lent to that claim by a letter from that agency which, by what authority does not appear (cf. Matter of Winepol v. Town of Hempstead, 59 Misc 2d 768), advised plaintiff “ to stop the construction on this site before the building is started.” It is not necessary, however, to consider plaintiff’s contention in this respect, for there is a qlear right to a preliminary injunction under the above-quoted provision of the Village Law.
The moving papers set forth in detail the serious injury that the plaintiff will suffer if he is not permitted to continue construction and states that the Building Inspector has filed no certificate of imminent peril with the Board of Appeals. Defendants do not controvert any of those allegations. They argue only that the clause ‘ ‘ An appeal stays all proceedings in furtherance of the action appealed from ” does not reinstate a revoked permit or proscribe action by the Building Inspector to prevent plaintiff from continuing to build after the revocation of the permit. The court does not agree. Clearly the actions which are sought to be enjoined are in furtherance of the inspector’s action in revoking the permit. Whether the permit is regarded as revoked or reinstated is simply irrelevant, for the statute requires the Building Inspector to act as though it had not been revoked unless he files a certificate of imminent peril. Any other construction would leave wholly meaningless the provision that by the filing of a certificate of imminent peril *669 the automatic stay provision is obviated. While no case exactly in point has been found, the construction thus given the statute is consistent with that given parallel provisions of the New York City Charter and the Town Law (Barnathan v. Garden City Park, Water Dist., 21 A D 2d 832; Brunschwig v. Long Is. R. R. Co., 41 Misc 2d 24, 28; Matter of Blum v. O’Connor, 6 Misc 2d 641).
An injunction will, therefore, issue against interference by the defendants with continued construction under Permit No. 3058 until the Board of Appeals shall have acted upon plaintiff’s appeal or until the Building Inspector shall have filed a certificate of imminent peril, if he be so advised, in which latter event application may then be made by defendants for the vacation of the injunction. Bond is fixed at $1,000.