■ In the Matter of JOHN BOCKIS et al., Respondents, v LOUIS E. KAYSER et al., Constituting the Zoning Board of Appeals of the Town of Orangetown, et al., Appellants.—In a proceeding pursuant to CPLR article 78, *inter alia,* to review appellants' determination dated August 31, 1983 and made after a public hearing, which denied petitioners' application for a building permit and other related relief, the appeal is from a judgment of the Supreme Court, Rockland County (Coppola, J.), entered March 19, 1984, which annulled the determination and directed that the permit be issued to petitioners.

Judgment reversed, on the law, without costs or disbursements, determination confirmed, and proceeding dismissed on the merits.

Petitioners are owners of an ARCO gas station located on the west side of Route 303, near the intersection of Oak Tree Road, in the Hamlet of Tappan, Town of Orangetown, Rockland County. The gas station is located in a commercial shopping zone (CS zone). Although operation of a gas station is not a permitted use in a CS zone, the station was legally entitled to continue its operations as an existing nonconforming use, since it had been at that location for approximately 20 years.

In October of 1982, petitioners entered into an oral arrangement with Peter Courand whereby they agreed to allow him to station his truck on a portion of their premises, in ex-

change for the sum of $30 a day. On Fridays and Saturdays, for approximately eight hours each day, Mr. Courand would park his truck on the gas station premises, and would sell fresh lobsters and other seafood from his truck to the residents of the community. Mr. Courand had obtained the requisite "hawker's and peddler's" license from the Town of Orangetown, and was duly licensed to sell the fish in all other respects.

In the spring of 1983, petitioners were notified over the telephone that they needed to obtain a permit in order to conduct retail sales on their premises. By application dated July 7, 1983, they sought a building permit from the Office of Building, Zoning Planning Administration and Enforcement; however their application was denied. Petitioners appealed the denial of their application to the Zoning Board of Appeals of the Town of Orangetown but their application was again disapproved. Petitioners then commenced the instant proceeding. Special Term found that the determination of the Board was arbitrary and an abuse of discretion and directed that a permit be issued to petitioners. The appeal is from that judgment.

It is axiomatic that a local zoning board is entrusted with a reasonable measure of discretion in the interpretation of its own ordinances and that the judicial function in reviewing a board's decision is a limited one. Accordingly, a board's determination should not be cast aside unless there is a showing of illegality, arbitrariness or an abuse of discretion (see, *Matter of Fuhst v Foley,* 45 NY2d 441, 445). In cases where the question is one of specific application of a broad statutory term, where the language of the statute is not altogether clear and unambiguous, judicial deference to the administrative construction is appropriate (see, *Matter of Frishman v Schmidt,* 61 NY2d 823, 825; *City of Syracuse v Hueber,* 52 AD2d 341; *Corter v Zoning Bd. of Appeals,* 46 AD2d 184, 186).

The question presented at bar is whether a truck qualifies as a building within the meaning and intent of the zoning provisions of the Code of the Town of Orangetown which requires that all retail sales of food be conducted from within "completely enclosed buildings" (Orangetown Code § 3.11, col 8, Table of General Use Regulations). A building is defined by the ordinance as a "structure having a roof" (Orangetown Code § 1.26).

The Board did not act arbitrarily or capriciously nor did it abuse its discretion in finding that a truck did not constitute a building within the purview of the code. A truck, which is

customarily classified as a motor vehicle (*see,* Vehicle and Traffic Law § 158), lacks the trait of permanency normally associated with buildings (*see, People v Cherry Lane Holding Corp.,* 65 Misc 2d 805; *see generally,* Ann., 75 ALR3d 1095, 1108). Nor is a truck amenable to occupancy or permanent use in a particular spot. Common sense and ordinary usage militate against ascribing so broad a meaning to the word building (*see,* McKinney's Cons Laws of NY, Book 1, Statutes § 232). Moreover, the testimony adduced at the public hearing reveals that the consummation of the transactions at bar (the exchange of money for merchandise) occurred outside of the truck. Since the customers did not enter the truck, the sales were not technically conducted from within a "completely enclosed building". We accordingly conclude that Special Term erred in annulling the Board's determination and in directing that a permit be issued to petitioners. Mangano, J. P., Thompson, Brown and Kunzeman, JJ., concur.