OPINION OF THE COURT
Herman H. Tietjen, J.
FACTS
This is the case of the little red caboose which came off the railroad tracks to the property of a local auctioneer. Defendants Fells own and operate an auction business in the Town of Rhinebeck. They brought unto their property with the alleged intent to sell, a caboose. Thereafter, instead of selling the caboose, they placed it in the front yard near the roadway where it still remains.
The Town of Rhinebeck commenced proceedings in this court on February 19, 1986 when it filed three informations charging defendants with having, on three occasions, violated the town’s zoning ordinance. Defendants bring on a motion requesting dismissal of the informations because:
(a) they are defective on their face pursuant to CPL 100.15, 100.40, 170.30 and 170.35;
(b) there are jurisdictional and legal impediments to the conviction of the defendants for the offenses charged under CPL 170.30 and 170.35;
(c) the interests of justice require it under CPL 170.40;
(d) the town’s ordinance is unconstitutional because of vagueness.
In addition, defendants, by separate letter application to the court, request a trial, if held, to be by jury.
On April 16, 1985 the town’s zoning enforcement officer (hereafter ZEQ) wrote defendants to advise them that he had learned they were about to move a caboose unto their property. He noted they had represented to him that the caboose was being brought to their auction barn to be sold. He advised that they would be in violation of the town’s zoning ordinance (hereafter Ordinance) if they had any plans to permanently place the caboose in the tracks which they were erecting on a man-made mound. The ZEO stated that he would "allow the *343 bringing of the railroad car to the site for the purpose of selling it at auction but for no other purpose”. The car could be brought "to your site one week prior to the sale and then remove the car within one week after the sale”. Keeping of the car for longer than the two-week period would violate Ordinance § 314 which prohibits storage in yards. He further ordered the defendants "to cease and desist any operation of construction for the purpose of placing any railroad car on the above captioned parcel if the placement is to exceed two weeks”.
Apparently, on May 23, 1985 the caboose arrived and on June 12, 1985 the ZEO issued a citation for storing merchandise. The ZEO, in a letter to the Town Attorney, notes that on June 28, 1985, he, defendants and their then attorney met and agreed that the attorney was to file an administrative appeal. On July 10, 1985 the attorney advised the ZEO that he is withdrawing from further representation of defendants. On that date the ZEO issued his first order to remedy a violation, namely, "you have moved a building (a caboose) unto your property without a Zoning Permit for such work in violation of 402.1 (a)” of the Ordinance. On the same date the ZEO received a zoning or building application (hereafter Application I) for defendants’ erection of a "building to be used for office incidental to non-conforming use — auction gallery”. The building identified in the application was the caboose. The ZEO denied the application on the ground that he lacked authority to issue the requested building permit before the Town of Rhinebeck’s Zoning Board of Appeals (hereafter ZBA) could pass on the matter. This and other matters were amplified in an accompanying letter to defendants. Apparently, according to the papers submitted to the court, at this juncture the defendants no longer claimed the caboose as merchandise to be resold but a structure to be used for an office.
Defendants made an application, dated July 24, 1985, to the ZEO for administrative review. This was received on July 25, 1985 as acknowledged in numerous documents. On July 25, 1985, the day after the expiration of the time period set forth in the first order to remedy (hereafter Order I), a second identical order (hereafter Order II) was sent with a deadline of August 9, 1985. The alleged violation of Order II becomes the basis of the second information alleging a violation of the ordinance as of July 25,1985.
The ZBA held a public hearing on October 9, 1985 on the application and issued a decision dated November 13, 1985 *344 which was ultimately filed in the office of the Rhinebeck Town Clerk on November 18, 1985. This decision upheld the action of the ZEO in denying Application I. In the meantime, the ZEO issued a third order to remedy (hereafter Order III) to be complied with by December 1, 1985. Order III becomes the basis of the third information alleging a violation as of November 16, 1985.
During the pendency of these proceedings, on April 23, 1986, defendants filed a second zoning and building application (hereafter Application II) for the "placement and maintenance of caboose on premises” for accessory use for "all permissible uses”. This was immediately denied by the ZEO and the chairman of the ZBA by a letter dated May 2, 1986 informed defendants that on advice of the town’s attorney he would not hear Application II because "there remains the existing violation of a building being erected without an approved Town Building Permit.” The facts in the last paragraph are being offered merely for historical purposes and have no bearing on the motions before this court.
DISCUSSION
JURISDICTIONAL AND LEGAL IMPEDIMENTS
Defendants move to dismiss the informations on the ground that there are jurisdictional and legal impediments to their conviction for the offense charged. At issue is whether the ZEO may charge a landowner for having committed a violation of the Ordinance during the period following the filing of a notice of appeal to the ZBA. Town Law § 267 (4) grants an automatic stay of "all proceedings in furtherance of the action appealed from, unless the officer from whom the appeal is taken certifies to the board of appeals * * * that by reason of facts stated in the certificate a stay, would, in his opinion, cause imminent peril to life or property, in which case proceedings shall not be stayed otherwise than by a restraining order which may be granted by the board of appeals”. A similar provision can be found in Ordinance § 414.
Defendants contend and as shown by a letter of the ZEO of June 28, 1985, there was an agreement that an appeal from the denial of the ZEO of Application I would be filed with the ZBA. A notice of appeal was served on the town on July 25, 1985. Defendants argue that their manifestation of an intent to file an appeal was sufficient to activate the automatic stay provision contained in Town Law § 267 (4) and Zoning Ordi *345 nance § 414 (4). "A stay, generally speaking, is a court order either preventing the taking of a particular procedural step in an action or preventing all further prosecution of an action, for a specified period of time or until a specified condition is fulfilled” (see, Weinstein-Korn-Miller, CPLR Manual ]¡ 15.08 [rev ed by Chase]). CPLR 5519 (a) provides for an automatic stay upon an appeal when "[s]ervice upon the adverse party of a notice of appeal or an affidavit of intention to move for permission to appeal stays all proceedings to enforce the judgment or order appealed from pending the appeal or determination on the motion for permission to appeal”.
Town Law §267 (4) and the accompanying Ordinance section operates as an automatic stay upon the ZEO or other code enforcement officer from further activities against the appellant in respect to the matter being appealed (see, Lindner v Incorporated Vil. of Freeport, 61 Misc 2d 667 [Sup Ct, Nassau County 1969]; Barnathan v Garden City Park Water Dist., 21 AD2d 832 [2d Dept 1964]). The stay starts when, under Town Law § 267 (3) and Ordinance § 414 (3), a "notice of appeal” is filed in which the appellant specifies the grounds for his appeal. The appeal must be filed with the officer "from whom the appeal is taken and with the board of appeals”.
On July 25, 1985 the ZEO was served with defendants’ notice of appeal. The papers do not show whether the ZBA was also served a copy of the notice, however, in its decision on this matter, the ZBA acknowledges that the notice of appeal was filed on July 25, 1985. While the filing requirements on defendants’ part do not exactly adhere to the statute, the acceptance of the appeal by the ZBA and its subsequent acting upon same cures this procedural and statutory defect. Thus, the filing of the notice of appeal, not the manifestation of intent, is when the stay period begins.
The automatic stay effectively precluded the ZEO from commencing any proceeding to cause the removal of the caboose. He could not have commenced any proceedings in this court alleging a violation of the Ordinance during the time of the stay. The stay ended upon the filing of the ZBA’s decision in the office of the Town Clerk on November 18, 1985 (see, Town Law § 267 [1]; Matter of East Fishkill Fedn. for Envtl. Conservation Today v Ward, 56 AD2d 652 [2d Dept 1977]). It is the time of filing which not only ends the automatic stay but also commences the period when a proceeding seeking judicial review commences under CPLR article 78.
*346 Based upon the foregoing, defendants cannot, between July 25, 1985 and November 18, 1985 be charged with having committed a violation of the Ordinance in respect to the subject matter of the appeal, namely, having the caboose on their property to be used as a building without having received a building permit or variance for same. The informations before this court alleging the violation of the Ordinance on July 25, 1985 and November 16, 1985 are jurisdictionally defective pursuant to CPL 170.30 (f) and this must be dismissed.
The information alleging a violation on July 10, 1985, however, is not dismissed. The mere declaring of an intent to do something without formal commencement of a proceeding for relief by way of notice and application pursuant to Town Law § 267 (4) and Ordinance § 414 (4) is ineffective to activate the automatic stay (see also, CPLR 2211, 5519). We now turn to other points raised by defendants’ motion since these arguments addressed all three informations before the court.
NECESSARY ALLEGATIONS
Defendants further move this court to dismiss the informations on the ground that they are defective on their face pursuant to CPL 100.15 and 100.40. In support of their argument they state that "the allegations contained therein must demonstrate a prima facie case against the defendants as well as a reasonable cause that he committed each and every element of the offense”. They contend "a caboose, without modification or use as a building, is not a 'building’ within the peridium [sic] of the Rhinebeck Ordinance as a matter of law”. Furthermore, they also advocate that Ordinance § 402.1 (a) contains no sanctions or penalty provisions nor are they charged with violating Ordinance § 422 which does contain a penalty provision. Defendants’ arguments are without merit as to the above contentions.
In prosecuting violations of a zoning law, Town Law § 268 (1) provides that such violations for the purpose of prosecution be classified as misdemeanors. Thus, the CPL applies with respect to procedure.
CPL 100.15 and 100.40 set forth the essential requirements for a sufficient information. The information before the court sets forth in the accusatory portion the names of the defendants, time, date and place where the alleged violation took place, nature of the violation and the section of the Ordinance *347 violated. In the factual portion it notes that defendants failed to comply with an order to remedy a violation, and stated the ZEO’s personal observation of the alleged violation of July 10, 1985 on defendants’ property near Route 308. It proceeded to detail the facts concerning their application for a building permit to erect and use a "building (the caboose) to be used for office incidental to non-conforming use auction gallery”; its subsequent denial by the ZEO; the appeal of July 25, 1985 and the ZBA’s determination thereafter. The document is signed and affirmed under oath.
CPL 100.15 (2) requires the "accusatory part of each such instrument must designate the offense or offenses charged.” CPL 100.15 (3) states "[t]he factual part of such instrument must contain a statement of the complainant alleging facts of an evidentiary character supporting or tending to support the charges”, and these must be supported by "non-hearsay allegations”. CPL 100.40 (4) provides further that the factual portions of an accusatory instrument and any supporting depositions "provide reasonable cause to believe that the defendant committed the offense charged in the accusatory part of such instrument.” Based upon the contents of the information before this court both the accusatory and factual parts of the document meet the statutory requirements. An accusatory instrument is meant to inform the accused of the charge against him, it is the evidence presented at trial which determines his guilt or innocence (see, People v Weinberg, 34 NY2d 429 [1974]).
LOCAL ORDINANCE INTERPRETED
The Ordinance which defendants are charged with violating states in section 402.1 (a) "it shall be unlawful to commence the excavation for, or the construction of, any building or structure including accessory buildings, or to commence the moving of any buildings * * * until the Zoning Enforcement Officer has issued a permit for such work”.
Defendants are charged with not having obtained a building permit prior to the moving of a caboose unto their premises. Originally this item was represented to be merchandise for the purpose of resale. When Application I was made it was identified as a building. The Ordinance defines a building in section 510 as "any structure constructed or used for residence, business, industry or other public or private purposes, or accessory thereto, including tents, lunch wagons, dining *348 cars, mobile homes, billboards, signs and similar structures whether stationary or moveable.” The word "structure” is defined in section 510 as "anything constructed or erected, the use of which requires location on the ground or attachment to something having location on the ground.”
Defendants argue that since Ordinance § 402.1 (a) does not expressly prohibit the erection of a caboose on real property, they cannot be charged with its violation. Their interpretation of the Ordinance is in error. Ordinance § 402.1 (a) expressly refers not only to "the construction of’ but also "to commence the moving of any buildings” prior to the obtaining of a building permit. While the term "building” does not mention a caboose by direct reference, it does give an example of those types of objects encompassed when it refers to other wheeled units such as "dining car”, "mobile homes”, "lunch wagons” and "similar structure whether stationary or moveable”. If the unit is constructed or erected and "the use of which requires location on the ground or attachment to something having location on the ground” then it falls within the ambit of requiring a permit. Certainly, in these terms an item held to the ground by cables, wires or other forms of attachment such as a large balloon, could be, although not expressly mentioned, deemed to fall within the ambit of the concept of a structure and/or building.
Each local zoning law must be interpreted according to its own provisions (see, Matter of Bockis v Kayser, 112 AD2d 222 [2d Dept 1985]). In Bockis the court was asked to determine whether a truck used as a lunch wagon qualified as a building. The appellate court upheld the local board’s finding that the truck was more closely associated with a motor vehicle than a building. The court noted that a truck "lacks the trait of permanency normally associated with buildings * * * [n]or is a truck amenable to occupancy or permanent use in a particular spot” (Matter of Bockis v Kayser, 112 AD2d, at p 224). In People v Cherry Lane Holding Corp. (65 Misc 2d 805 [Dist Ct, Suffolk County 1971]) the court was asked to rule whether an ice vending machine came within the ambit of a zoning ordinance’s definition of building and structure. The court found that it did not. Once again, one must consider the particular wording of the ordinance and its practical application to the unit in question.
In defendant’s Application I, attached to it the moving papers, the unit in question is described as "size of building, front 10 feet, rear 10 feet, depth 24 feet; no. stories-1; height *349 of building to highest point of roof — 13 feet; type of construction — metal — wood interior”. In respect to foundation it notes "steel frame mounted on wheels”. Typed on the application are the words "building will be used by Mr. & Mrs. William Fells as an office”.
Based upon the foregoing exhibits and documents, this court concludes that the information charging a violation of Ordinance § 402.1 (a) on July 10, 1985 should not be dismissed based upon the defendants’ motion. The penalty provision of the Ordinance is exclusively contained in section 422 and it refers to the failure or refusal to comply with or resist the enforcement of any of "the provisions of this Ordinance”. This section applies to the entire Ordinance including a failure to comply with section 402.1 (a).
JURY TRIAL
Lastly, defendants demand a jury trial. This court decided in People v Bonnerwith (69 Misc 2d 516 [1972]) that in a zoning case jury trial was not permissible. This court does not see any reason to change its opinion, especially in light of recent legislative and judicial developments. In the Laws of 1985 (ch 598) substantial amendments were made to Town Law § 268 (1). The Legislature imposed increased penalties for repeated violations of a zoning law or ordinance within a five-year period. Nonetheless, it still maintained the six-month limitation on jail time.
This was consistent with the Legislature’s previous action in 1984 (L 1984, ch 673, eff Nov. 1984) when it reclassified numerous misdemeanors in respect to larger cities to carry a maximum sentence for each charge of up to six months in jail and a $1,000 fine. A constitutional challenge was brought to the statute and is discussed at great length in People v Cruz (129 Misc 2d 235 [Crim Ct, Bronx County 1985]).
Judge Katz undertook an extensive examination of both Federal and various State decisions on the question of whether a jury trial was mandated where the Legislature has classified an offense to carry a jail sentence of less than six months but a fine of up to $1,000. He held that, despite some contrary opinions, where an offense carries a jail sentence of less than six months but a possible fine of up to $1,000, the defendant is not entitled to a jury trial as a constitutional right pursuant to US Constitution 6th Amendment nor pursuant to NY Constitution, article I, § 2.
*350 Judge Katz’s decision is consistent with the Court of Appeals pronouncement on the topic in Matter of Morgenthau v Erlbaum (59 NY2d 143 [1983]). Here, there was a challenge to CPL 340.40 (2) which denied jury trials in prostitution cases. The court said (59 NY2d, at p 154) "in establishing sentences, the Legislature must be presumed to have weighed public opinion and history, and to have been aware of the civil implications of conviction. Indeed, this presumption implicitly underlies the Supreme Court’s emphasis on sentence length as the indicator of a crime’s seriousness.”
Another consideration not recognized by defendants is that the Ordinance, as presently written, according to the Court of Appeals decision in Village of Southampton v Platt (43 NY2d 848 [1978]) prevents the imposition of cumulative fines exceeding the total sum of the stated $250 for a single, but continuing, violation. This rationale would also apply to the maximum term in jail. The Legislature, in its 1985 amendment to Town Law § 268 (1) supports this conclusion. By virtue of that amendment, the Legislature apparently negated the Court of Appeals construction of Town Law § 268 concerning cumulative fines for a single but continuing violation. The legislative memorandum in support of the amendment noted that municipalities were faced with intransigent citizens determined not to obey local zoning laws and by virtue of the change local courts could impose stiffer fines for multiple violations of zoning laws.
CONSTITUTIONALITY
Defendants allege that Ordinance § 402.1 (a) is "unconstitutionally vague and ambiguous and thus void as a basis for this prosecution”. The thrust of their contention is that the word "caboose” is not specifically mentioned as part of the definitions for "building” or "structure”.
The drafters of a zoning law or ordinance cannot be expected to anticipate each problem or request that may arise. For that reason, both the Town Law and the Ordinance provide for a board of appeals. It is the board’s function, while keeping within the perimeters of the law which they are charged to administer to resolve individual landowner problems (see, Town Law § 267 [2], [4]; Ordinance § 413).
Defendants cite People v Scott (26 NY2d 286 [1970]) as authority for their contention that the statute as it applies to them is unconstitutional. Their reliance on this case is mis *351 placed. They have not shown to this court in their moving papers facts beyond a reasonable doubt that the definition of "building” or "structure” and the permit section of the Ordinance are unconstitutional (see, Matter of Van Berkel v Power, 16 NY2d 37 [1965]). Trial level courts should not, except in extreme circumstances, declare statutes to be unconstitutional (see, Bohling v Corsi, 204 Misc 778 [Sup Ct, Oneida County 1953], affd 306 NY 815; People v Cruz, supra; 20 NY Jur 2d, Constitutional Law, § 44). A legislative act carries with it a strong presumption of validity, and absent a showing beyond a reasonable doubt that the act is invalid, this court must assume its constitutionality (see, Matter of Spielvogel v Ford, 1 NY2d 558 [1956]; Marcus Assoc. v Town of Huntington, 45 NY2d 501 [1978]).
The Ordinance clearly states that prior to moving on one’s property any buildings a building permit must be obtained. It is a precondition to an act. The Ordinance also refers to what is meant by the term "building” when it speaks of certain wheeled units. While not setting out by name all the types of units that have wheels, by virtue of the definitions contained in the Ordinance a citizen is given reasonable notice of what is expected of him. If he has any doubts application can be made to the zoning board of appeals for a resolution of his question. Certainly, the Ordinance is clear when it creates a precondition requiring a permit before any action is taken.
SUMMARY
Defendants’ motion to dismiss is granted as to the information before this court alleging a violation on July 25, 1985 and on November 16, 1985 and is denied as to the violation of July 10, 1985.