OPINION OF THE COURT
Herman H. Tietjen, J.
Defendant Keith Idema is charged with violation of the *1059 Town of Red Hook Zoning Ordinance of May 10, 1983 (Town Ordinance) §§ 65-5 and 65-140, namely, (1) "Using land and structures not in conformity with zoning regulations” and (2) "Failure to obtain a certificate of Occupancy”.
Defendant applies to this court for an order of dismissal premised on the following contentions: (a) that the information of Town Zoning Enforcement Officer Robert T. McCarthy (ZEO) was issued during a time when an automatic stay under Town Law § 267 (4) was in effect and he thus acted without jurisdiction and (b) the information made by the ZEO is defective as a matter of law under CPL 170.35.
The defendant’s motion is granted in both respects. Once an appeal has been filed pursuant to Town Law § 267 (4) and not formally disposed of by the Zoning Board of Appeals (ZBA) by formal order of that Board after a hearing or because the appeal has been found to be defective, both the Town Law and the Town Ordinance prohibit any activity on the part of local officials against the appealing party for actions arising from the subject matter under appeal. Furthermore, the information and supporting deposition fail to set forth with sufficient particularly facts to support a violation of the Town Ordinance sufficient to meet the requirements of CPL 100.15 and 100.40.
FACTS
This matter comes before this court by virtue of a transfer by order of the Dutchess County Court (CPL 170.15 [3] [a]) as a consequence of the disqualification of all of the Town Justices of the Town of Red Hook. Defendant applied to this court for a dismissal of the information against him by motion dated October 8, 1986. The matter was not fully submitted until April 2, 1987.
The events which initiated the case before this court began with a letter from the ZEO to the owners of a parcel of land commonly known as Sky Park Acres or Sky Park Airport (Sky Park), a small private commercial airstrip consisting of several hundred acres located in the Town of Red Hook. In his letter of September 25, 1984 (Order I) the ZEO informed Sky Park’s owners that based upon an inspection of September 20, 1984 several violations existed: "numerous buildings and structures have been constructed without obtaining a building permit” and "the property is being used for purposes for which a use permit is necessary.” The owners were "Directed *1060 and Ordered” to comply with the Town Ordinance and to "Cease and Desist all para military and weapons operations on your property mentioned above forthwith.” The letter contained a warning that failure to comply with the directive and Town Ordinance constituted an offense punishable by fine or imprisonment or both.
Upon receipt of the letter by the owners of Sky Park and defendant, the latter, who was the occupant of the property and conducted activities thereon through a company of which he was allegedly the president, known as Counterr Group, Inc. (Counterr), caused to be filed with the ZEO and ZBA a "notice of appeal” (Notice I) dated September 27, 1984 in which he appealed to the ZBA "pursuant to Red Hook Code Section 65-146 to the Board of Appeals from a determination of Robert T. McCarthy, Zoning Enforcement Officer, dated September 25, 1984, a copy of which is annexed hereto.”
The ZEO received a copy of Notice I together with a letter in which Counterr’s attorney advised him of his client’s willingness to meet with him on an informal basis to discuss ways of resolving the differences between Counterr and the town. He also advised the ZEO "I would respectfully bring to your attention that this appeal stays all proceedings in furtherance of your proposed finding.” Personal service of Notice I was made on the secretary of the ZBA on September 28, 1984.
The minutes of the monthly meeting of the ZBA dated October 3, 1984 acknowledged receipt of Notice I: "We had been served with a summons. We do not have any application from them [Counterr] before us so Mr. Trezza was to contact them”. The minutes acknowledged the "Cease and Desist” order of the ZEO and "tabled” Notice I until an application was received. The application referred to was a two-page form supplied by the town entitled "Application to Board of Appeals-Town of Red Hook” which denotes in more detail the nature of the request for relief or action required of the ZBA. The minutes fail to disclose whether an application fee was paid or demanded. At its next monthly meeting, the ZBA corrected the October 3, 1984 minutes to note that Notice I received from Counterr’s attorney was not a "summons” but rather an "order of show cause”.
On January 28, 1985 Counterr filed with the ZBA an appeal (Notice I A) on the form previously referred to and supplied by the town. On the official form, defendant, on behalf of Counterr, requested "a certificate of existing use” identifying Sky *1061 Park location; and under "Type of Appeal” asked for "an interpretation of the Zoning Ordinance or Zoning Map”, to wit: "Petitioner contends that it is a prior non-conforming use previously permitted under the previous zoning map.” In the accompanying letter with Notice IA the attorney for defendant and Counterr requested the ZBA to notify his office of the date and place of "the hearing on this matter.”
In a letter dated February 1, 1985, the ZBA invited Counterr to send a representative "to answer any questions the Board might have since we will have an informal [so underlined in the text] discussion regarding this application at this meeting.”[1] The matter was scheduled as the last item and defendant contends in his papers that because of the lateness of the hour and other business engagements the following day he did not remain for the informal discussion with the Board. The Town Attorney, in his papers, contends that "the Board, to my understanding, rejected the appeal as incomplete.” He failed to supply copies of minutes or an order of the ZBA to support this contention. No further formal demand for a filing fee was made by the Board.
On May 5, 1985, the ZEO issued an "order to remedy violation-Town of Red Hook” based upon "operating a business without a use permit in violation of 65-5”. This order was to be complied with "on or before the 5th day of May 1985” (Order II). In response to Order II, defendant’s attorney, by letter of May 15, 1985 addressed to "Town of Red Hook” with a copy directed to the town's attorney, acknowledged receipt by his client of Order II and noted his client’s appeal of same to the ZBA (Notice II). He requested being supplied with a form if necessary and noted that Notice I and Notice IA had never been heard or acted upon. He reaffirmed his client’s willingness to meet at an informal meeting if requested.
Thereafter, without the ZBA having taken any formal action on Notices I, IA or II, the ZEO proceeded to arrest defendant charging him with two violations of the Town Ordinance in an information dated October 11, 1985 supported by a deposition of a witness dated October 12, 1985, attesting *1062 to a violation observed on October 10, 1985. Defendant was arraigned before one of the town’s Justices and ordered held until bail was posted. A superior court vacated the bail order, but only after defendant served several days in jail.
DISCUSSION
The Appeals
An analysis of the issues before this court must begin with the question of whether there was an appeal pending before the ZBA. Town Law § 267 (2) gives the ZBA the power to "review any order, requirement, decision or determination made by an administrative official charged with the enforcement of any ordinance adopted pursuant to this article.” The statute proceeds to state "Such appeal may be taken by any person aggrieved, or by an officer, department, board and bureau of the town.” (Town Law § 267 [2]; see, Matter of Jonas v Town of Colonie, 110 AD2d 945 [3d Dept 1985].)
Town Law § 267 (3) provides that an appeal to the. ZBA "shall be taken within such time as shall be prescribed by the board of appeals by general rule, by filing with the officer from whom the appeal is taken and with the board of appeals a notice of appeal, specifying the grounds thereof.” Town Ordinance § 65-146 (B) essentially contains the elements set forth in Town Law § 267 (2) and (3) except that it does not require a notice of appeal to be filed with the ZEO. The Town Ordinance provides in section 65-146 (C) that a notice of appeal "shall be filed within sixty (60) days from the date upon which the notice of refusal of zoning permit or refusal of certificate of occupancy is mailed by the Zoning Enforcment [sic] Officer”. The Ordinance is silent in respect to the time required to appeal an order or requirement of the ZEO, however, one can assume that the 60-day limitation would also apply. That fact is not at issue here.
The ZEO’s letter of September 25, 1984 constituted an official demand upon defendant and others to comply with an alleged violation of the Town Ordinance. Seeking to assert his organization’s legal rights, defendant presented the town with an appeal — Notice I. While that appeal was not presented on an official form, it did contain and set forth grounds for relief —the grounds asserted in the ZEO’s letter with which defendant did not agree. The ZBA not only received Notice I but its October and November 1984 minutes acknowledged same. For lack of a proper form, the Board wrongfully failed to act. It *1063 should be noted here that the ZEO, in initiating the entire process, failed to use an official form, but rather merely sent a letter. It seems difficult to imagine the town complaining about defendant’s failure to use a proper official form, when it’s own officials failed to employ official forms at their disposal.
Professor Robert M. Anderson, in both of his treatises on zoning law, American Law of Zoning (3d ed) and New York Zoning Law and Practice (3d ed), refers to the informality of zoning practice and procedure, yet notes that there are specific requirements to be met. This mix of informality and adherence to technical requirements poses problems for the courts (see, 4 Anderson, American Law of Zoning § 22.01 [3d ed]). He writes "A review of the procedural decisions supports the conclusion that the courts have been less successful in developing procedural norms for boards of adjustment than in providing substantive standards” (4 Anderson, American Law of Zoning § 22.01, at 4 [3d ed]). While the pervasive judicial attitude toward the informality practiced on the part of Zoning Boards may be one of tolerance, courts may not ignore those situations, as here, where a Board may violate the fundamental rules of natural justice (see, Connecticut Fund for Envt. v City of Stamford, 192 Conn 247, 470 A2d 1214 [Sup Ct, Conn 1984]). Courts are reluctant to impose technical requirements on citizen Zoning Boards as long as their procedures are orderly, impartial and fundamentally fair (see, Boffo v Boone County Bd. of Zoning Appeals, 421 NE2d 1119 [Ind App 1981]).
New York’s courts have sanctioned the use of unofficial form applications to a ZBA. In Matter of Highway Displays v Zoning Bd. of Appeals (32 AD2d 668 [2d Dept 1969]), the court held that petitions were filed in a timely manner although by use of an unofficial format to the local Zoning Board of Appeals constituted a proper appeal. "The fact that their appeal was started on an unofficial form is of no consequence or materiality since the proceeding and its object were communicated to petitioner and the local officials concerned therewith.” (Supra, 32 AD2d, at 668.) In the Highway Displays case, the local Board had enacted bylaws requiring the use of official forms. The papers before this court do not disclose that the ZBA had any bylaws mandating that appeals to it be on official forms.
Both the Town Law and Town Ordinance are silent concerning the precise format to be employed in filing an appeal. All *1064 that is required in both statutes is a notice which specifies the reasons for appeal and the issues which the Zoning Board must address. Considering Notice I and Notice IA submitted by defendant, that statutory requirement was satisfied. Professor David Siegel in New York Practice notes that an appeal can be divided into two parts: (1) "taking” an appeal and (2) perfecting the appeal. The "taking” of an appeal, absent adherence to a rigid time limitation, is probably the easiest step. "It is just the service and filing of a paper, or at worst several papers.” (Siegel, NY Prac § 531, at 738.) While Siegel was speaking of procedures in the appellate courts, the same principle applies in an appeal to a quasi-judicial body such as a Zoning Board of Appeals. As in the case of an appeal of a civil or criminal matter, there is a stay, provided the requirements of the particular statute covering appeals and the Uniform Court Rules are met.
In his affirmations to this court, the town’s attorney places great stress that Counterr did not pay the required filing fee and representatives of Counterr and defendant himself did not attend the "informal” meeting of the ZBA. In respect to payment of the filing fee, Town Ordinance § 65-146 does not make this a condition precedent to perfection of an appeal. The only reference to fees is found in Town Ordinance § 65-139.1 as they relate to building permits. Neither the minutes of the ZBA nor the papers presented in this matter disclose that any formal demand was made for payment of a fee as a condition precedent to the acceptance of the notice of appeal. Basic fairness dictates that if the ZBA was so intent on collecting a fee it should have noted that fact in its official minutes, made a written demand upon defendant and Counterr for payment of same and when no payment was received as requested dismiss the appeal by entry of a formal order of dismissal. In State ex rel. Cities Serv. Oil Co. v Board of Appeals (21 Wis 2d 516, 124 NW2d 809 [1963]) local ordinances made direct reference to payment of a filing fee upon the taking of an appeal. The Board of Appeals did not dismiss the appeal because of petitioner’s failure to timely pay the fee and the court on this point said "We hold that the failure to timely pay the filing fee was not such a defect as to have deprived the board of jurisdiction” (supra, 21 Wis 2d, at 533, 124 NW2d, at 818; see also, 4 Anderson, American Law of Zoning § 22.16 [3d ed]).
Defendant’s failure to attend an informal meeting as requested by the ZBA does not constitute an abandonment of *1065 the appeal. Both Town Law § 267 (5) and Town Ordinance § 65-147 (A) are specific in their mandate that "The Board of Appeals shall fix a reasonable time for * * * the hearing of an appeal for administrative review” (Town Ordinance § 65-147 [A]). Under the statutes, a ZBA cannot require an applicant to attend an "informal” meeting and therefore may not employ this failure to casually meet as an excuse for not doing its legal duty in either expeditiously setting a hearing date or dismissing the appeal — inaction is not the answer. Each appellant is entitled to due process before an administrative body and the longer that body procrastinates in carrying out its statutory obligations, not only does the appeal remain unresolved, the automatic stay under Towñ Law § 267 (4) remains in effect.
This court holds that defendant, upon having filed Notice I and later supplemented by Notice IA was entitled to the benefit to the automatic stay mandated under Town Law § 267 (4). The ZEO by virtue of his notice of September 25, 1984 initiated the process by demanding compliance with the Town Ordinance with respect to the erection of structures at Sky Park and the refraining by defendant from conducting on that site further paramilitary activities. The appeal clearly covered these two items. The foregoing activities were also the subject of the information upon which defendant was arrested on or about August 14, 1985. It was the affirmative obligation of the ZEO to come forward and show that petitioner was not entitled to a stay because his activities would cause "imminent peril to life or property” of others. Failing in this task, the automatic stay remains in effect so long as the ZBA has not disposed of the appeal (see, People v Fells, 133 Misc 2d 341 [Justice Ct, Town of Rhinebeck 1986]).[2] In Fells (supra), this court held that counts of an information charging defendant with having failed to abide by the town’s zoning ordinance occurring after the filing of an appeal which were based upon the same subject matter of the appeal must be dismissed as violative of the automatic stay then in effect.
In the matter before this court, defendant is charged with an offense committed after the automatic stay went into effect. The facts upon which the information are based are the same facts which are the subject of the appeal. By virtue of the *1066 clear intent of the statute in imposing a stay of all proceedings which are the subject of an appeal, local authorities are without power to proceed further in connection with the matter on appeal and the petitioner is thus protected from official harassment or arrest (see, Lake Mahopac Hgts. v Zoning Bd. of Appeals, 119 NYS2d 809 [Sup Ct, Putnam County 1952]; People v Fells, supra; 2 Anderson, New York Zoning Law and Practice § 22.41 [3d ed]; 3 Rathkopf, The Law of Zoning and Planning § 37.04).
The Criminal Information
Had this court held to the contrary, namely, defendant did not enjoy the benefit of the automatic stay granted by Town Law § 267 (4), the next question to be answered is whether the information sworn against defendant on August 11, 1985 was sufficient as a matter of law. This court holds that it was not for the reasons set forth below.
CPL 170.35 provides that an information is deficient on its face when it does not comply with the requirements of CPL 100.40, except in those instances where it can be amended and the People move for such an amendment. CPL 100.40 (1) further states that an information is sufficient on its face when it complies with the requirements of CPL 100.15 and the nonhearsay allegations of the factual part of the information and any supporting depositions provide reasonable cause, establish if true, that the defendant committed all of the elements contained in the accusatory part.
Defendant is charged in the accusatory portion of the information with a violation of Town Ordinance §§ 65-5 and 65-140.[3] The factual portion of the information states as follows: "The defendant, Keith Idema, did, or [sic] or about the 10th & 11th day of October 1985, use property and structures on the south side of Route 199, east of Yantz Rd, Town of Red Hook for the instruction of and the discharging of firearms and *1067 explosives. A Use Permit and Certificate of Occupancy have not been applied for or issued. Attached hereto and made a part hereof in support of this information is the supporting deposition of Trooper Arthur Wilson III.” Trooper Wilson’s deposition, sworn to the day following the ZEO’s, noted that on October 10, 1984, while on duty he was called to Sky Park to investigate sounds of gunfire. When he arrived he was met by defendant and observed five individuals in the immediate area dressed in dark colored fatigues. Defendant, when questioned by the officer, admitted to the gunfire and that he and the men had been shooting and intended to do more shooting. He claimed that the town did not have a valid cease and desist order.
Town Ordinance § 65-7 prohibits the use of land or buildings contrary to the regulations specified in the Ordinance for the district in which the land or buildings are located. Town Ordinance § 65-140 requires the issuance of a certificate of occupancy before land or a building is employed for a particular use. No reference is made in the information to the district in which the land or structures are located, the requirements or prohibitions for that district and facts to establish, if true, all of the elements of the offense charged and defendant’s violation of the statute.
The information further fails to specify in the factual portion those structures that were created contrary to the Town Ordinance and that defendant had erected them. General reference is made to the use of structures in connection with the discharge of firearms but there are no specifics in the information or the supporting deposition to substantiate employment of the buildings in conjunction with the gunfire or other allegedly illegal activities. When searching within the "four corners” of the information and supporting deposition sworn against defendant one finds that it would not have been sufficient to establish at trial "every element of the offense charged and the defendant’s commission thereof.”
CONCLUSION
Two wrongs do not make a right. Defendant was wrong in not applying for the necessary permits from the town before embarking on his activities at the Sky Park site. Laws are meant to be obeyed or changed through appropriate judicial or legislative means. We live in a society of laws and not of men —no one is above the law.
*1068 Likewise, the town had the affirmative obligation to enforce its laws equitably and fairly. Once the town’s officials made a determination that they were going to take steps to cause defendant to comply with its laws, they had the duty to act reasonably, rationally and accord defendant all due process of law in an efficient and speedy manner. Once the ZEO issued his directive from which defendant appealed, it was incumbent upon and mandated that the ZBA grant defendant a hearing within a reasonable time after its filing (see, Town Law § 267 [5]). If the ZBA determined that defendant failed to comply with the technical requirements of filing an appeal to it, that body should have made a formal determination on the record, set forth its reasons and findings and filed a copy of its decision with the town clerk as required by Town Law § 267 (1) and (7). This filing would have permitted defendant to seek review of the ZBA’s decision in a superior court. By virtue of the ZBA’s indecision, confusion over the facts and law and procrastination not only was defendant’s automatic stay prolonged, both he and the citizens of the community were denied an opportunity to be heard. As a result of delay all parties became exacerbated causing considerable unpleasantness.
In this matter local authorities and the ZBA were grossly delinquent in their statutory duties and perhaps were more concerned with playing to public opinion than carrying out the mandates of their respective offices. True, persons serving on local Zoning Boards are not law-trained individuals, nor are many local officials, but this is no excuse for them to deny any citizen the fundamental right to due process.[4]
[Portions of opinion omitted for purposes of publication.]

. Town of Red Hook Zoning Ordinance § 65-147: "(A) Hearing. The Board of Appeals shall fix a reasonable time for the hearing of any application for variance, the hearing of an appeal for administrative review, or the hearing of an application for a special permit.” The Town Ordinance does not contain any provision for an "informal” meeting of the parties nor were any rules brought to the attention of this court requiring parties appealing to the ZBA first to attend an "informal” meeting.

. See also, Matter of Blum v O’Connor, 6 Misc 2d 641 (Sup Ct, Nassau County 1957); Lindner v Incorporated Vil. of Freeport, 61 Misc 2d 667 (Sup Ct, Nassau County 1969); Barnathan v Garden City Park Water Dist., 21 AD2d 832 (2d Dept 1964); 1985 Atty Gen (Inf Opns) 148.

. Town of Red Hook Zoning Ordinance § 65-7: "No building, structure or land shall hereafter be used and no building, structure or part thereof shall be erected, moved or altered unless for a use expressly permitted by and in conformity with the regulations herein specified for the district in which it is located, except as hereinafter provided.” Section 65-140: "A. Requirement. No land, building or other structure or part thereof hereafter erected or altered in its use shall be used or occupied until the Zoning Enforcement Officer shall have issued a certificate of occupancy stating that such land, building, structure or part thereof and the proposed occupancy or use thereof are found to be in conformity with the provisions of this chapter.”

. An extensive discussion can be found in Note, Board of Zoning Appeals Procedure — Informality Breeds Contempt (16 Syracuse L Rev 569 [1965]). The note discusses numerous problems caused by the informal nature of zoning practice and the need to bring professionalism to Zoning Boards. (See also, 2 Anderson, New York Zoning Law and Practice ch 25 [3d ed].)