■ In the Matter of Friends Academy, Respondent, v Superintendent of the Division of Building of the Town of Oyster Bay et al., Appellants.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the respondent Superintendent of the Division of Building of the Town of Oyster Bay to grant the petitioner a building permit, the appeal is from an amended order and judgment (one paper) of the Supreme Court, Nassau County (Harwood, J.), entered October 14, 1986, which granted the petition to the extent of directing the Superintendent of the Division of Building of the Town of Oyster Bay to issue the petitioner a permit to move a landmarked building.

Ordered that the amended order and judgment is affirmed, with costs.

The petitioner Friends Academy owns a building in Jericho in the Town of Oyster Bay known as the "Jackson House" which was designated a landmark in 1983 by the Town of Oyster Bay pursuant to Code of the Town of Oyster Bay chapter 23. On November 18, 1985, the petitioner submitted an application pursuant to Code of the Town of Oyster Bay § 23-11 (F) to the Landmarks Preservation Commission for a permit to move the house to the petitioner's Locust Valley campus. Code of the Town of Oyster Bay § 23-11 (F) (1) provides that the application shall be accompanied by plans "showing the structure or building in question * * * and the construction, alteration, repair, moving or demolition * * * to be accomplished". No such plans, however, were ever submitted by the petitioner. Code of the Town of Oyster Bay § 23-11 (F) (5) provides that if the Landmarks Preservation Commission fails to act on the application within 60 days of its receipt "the application shall be deemed to have been approved".

On or about January 21, 1986, the petitioner instituted this proceeding, *inter alia,* to compel the Superintendent of the Division of Building to issue a permit to move the "Jackson

House". At a public hearing on January 22, 1986, before the Landmarks Preservation Commission, a representative of the petitioner appeared, without prejudice to the judicial proceeding, and informed the Commission that plans would not be forthcoming. It was the petitioner's position that all the information necessary to allow the Commission to evaluate the proposed move was contained in the application and the contractors who were to undertake the move had alleged that there was no such "animal" as the plans required by the Commission. The Commission then adjourned the hearing without making any decision on the application. In the amended order and judgment appealed from, the Supreme Court ordered the Superintendent of the Division of Building to issue the permit, holding that since the Commission had failed to act on the petitioner's application within 60 days of its receipt, the application was automatically approved. We agree.

In construing statutory provisions similar to Code of the Town of Oyster Bay § 23-11 (F) (5), the courts have held that an application is deemed approved if the administrative body in question fails to act within the statutorily prescribed time limits (see, Matter of Di Stefano v Miller, 116 AD2d 575; Wallberg v Planning Bd., 115 AD2d 539). The fact that the application may not have complied fully with the requirements of the law might, in an appropriate case, warrant a denial of the application but it does not justify a complete failure to act upon it (see, Wallberg v Planning Bd., supra).

The appellants' argument that the 60-day period specified in the statute did not begin to run until both the application and the plans were received is illogical since such a proposition would have allowed the Commission to refuse to ever make a decision in spite of the fact that the petitioner had informed the Commission that the plans required by the statute were, in this particular instance, impossible to draft. Under the circumstances, the Commission had the burden to make a decision on the application as submitted.

Finally, the appellants' claim that the instant proceeding was improperly brought since there was no final determination made on the petitioner's application is without merit. This proceeding was brought in the nature of mandamus to compel administrative action, and, therefore, there is no requirement that there be a final order or determination (see, McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C7801:4, at 31). Brown, J. P., Eiber, Kunzeman and Spatt, JJ., concur. [See, 132 Misc 2d 648.]