■ In the Matter of RAYMOND MILNARIK et al., Appellants, v JAMES ROGERS, as Chair of the Village of Lake Placid Zoning Board of Appeals, et al., Respondents. [748 NYS2d 615] —Mugglin, J. Appeals (1) from a judgment of the Supreme Court (Dawson, J.), entered June 29, 2000 in Essex County, which, in a proceeding pursuant to CPLR article 78, granted certain respondents' motion to dismiss the petition for failure to exhaust administrative remedies, and (2) from an order of said court, entered October 6, 2000 in Essex County, denying petitioners' motion for reconsideration.

Petitioners commenced this CPLR article 78 proceeding seeking to compel the Zoning Board of Appeals of the Village of Lake Placid (hereinafter ZBA) to hear and determine petitioners' administrative appeal which seeks to challenge the issuance of a certificate of occupancy to respondents William Kane and Sara Kane. Petitioners assert that the Kanes constructed a garage in violation of a variance granted with respect to the 50-foot rear yard setback requirement of the Village of Lake Placid Land Use Code (hereinafter the Code). The ZBA moved to dismiss the petition on the ground, inter alia, that petitioners failed to exhaust their administrative remedies. Supreme Court granted said motion and petitioners thereafter moved for reconsideration, which motion was denied. Petitioners now appeal.

The Code requires any appeal to the ZBA to be filed on a prescribed form, accompanied by the applicable fee, within 30 days of the action appealed from. Following the ZBA's motion to dismiss which raised these issues, petitioners filed an amended application to appeal on the official form and tendered the required fee, both of which were accepted without objection by the ZBA. In granting the ZBA's motion to dismiss, Supreme Court found it significant that, although petitioners filed an amended appeal on the required form and paid the fee, they failed "to amend their petition to challenge the failure of the ZBA * * * to act upon it." Thus, Supreme Court concluded that, absent an amendment to the pleading to incorporate a challenge to the amended appeal, it lacked a basis to rule upon it; also, since the amended appeal had only recently been filed and there was no allegation that the ZBA had failed to act upon it, the petition should be dismissed for petitioners' failure to exhaust their administrative remedies. In addition, Supreme Court concluded that the doctrine of mootness is implicated because the initial appeal was no longer at issue.

First, we conclude that Supreme Court too narrowly construed the petition as seeking only relief pursuant to CPLR 7803 (3). The petition clearly pleads that the ZBA has "failed and refused to schedule a hearing or otherwise consider petitioners' administrative appeal," and it also alleges that such failure is an abuse of discretion, arbitrary and capricious and contrary to law. Thus, in our view, the petition adequately seeks relief under both CPLR 7803 (1) in the nature of mandamus to compel and under CPLR 7803 (3). Even were we to construe this as a defective pleading, in the complete absence of any prejudice to the ZBA, the defect should be ignored (see *Kraft v Sheridan*, 134 AD2d 217, 218). The normal precursor

to judicial review of exhaustion of administrative remedies (*see Matter of Hays v Walrath*, 271 AD2d 744, 744-745) has no application where the purpose of the judicial proceeding is to compel the performance of a legal duty (*see Matter of Friends Academy v Superintendent of Div. of Bldg. of Town of Oyster Bay*, 134 AD2d 497, 498, *lv denied* 71 NY2d 806). Moreover, since the original appeal was taken in February 2000, the amended appeal was filed in April 2000, and Supreme Court's decision was not rendered until June 2000, there was more than ample time for the ZBA to act by hearing the appeal. In addition, the doctrine of mootness has no application since the filing of the amended notice of appeal relates back to the date of the filing of the original notice of appeal (*see* CPLR 203 [e]; *Matter of Weinstein Enters. v Town of Kent*, 171 AD2d 874, 875).

Finally, we find no merit to the other grounds urged by the ZBA as a basis for dismissal of the petition. The initial notice of appeal was timely, as it was filed within 30 days from the date that the certificate of occupancy was filed with the Village Clerk (*see* Village Law § 7-712-a [5] [b]). Although petitioners failed initially to use the required form, the notice of appeal substantially complied with the procedural requirements of the Code and no prejudice was inflicted upon the ZBA. Therefore, petitioners should not be deprived of their right to appeal (*see Matter of Highway Displays v Zoning Bd. of Appeals of Town of Wappinger*, 32 AD2d 668, 668-669; Village of Lake Placid Land Use Code § XI [F]; *People v Idema*, 135 Misc 2d 1058, 1063).

Nor do we find that the late payment of the appeal fee requires dismissal as this is not a jurisdictional defect (*see People v Idema, supra*). The ZBA's reliance on *Mandel v Waltco Truck Equip. Co.* (243 AD2d 542, *lv denied* 91 NY2d 809) and *Matter of Gershel v Porr* (89 NY2d 327) is misplaced. Those cases involve the payment of a filing fee as a jurisdictional prerequisite to the institution of a judicial proceeding and are not applicable to administrative proceedings.

For the foregoing reasons, we reverse Supreme Court's dismissal of the petition.

Crew III, J.P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the judgment and order are reversed, on the law, without costs, motion denied, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.