■ In the Matter of BETSY J. OSBORN et al., Respondents, v PLANNING BOARD OF THE TOWN OF COLONIE et al., Appellants. —Mahoney, P. J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered May 2, 1988 in Albany County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Planning Board of the Town of Colonie denying petitioners' application for commercial site plan approval.

Petitioners are Betsy J. Osborn and her husband, Daniel L. Orne. In June 1986, they submitted a proposed commercial site plan and an application for a building and zoning permit to respondent Planning Board of the Town of Colonie (herein-

after respondent) seeking to use a portion of their home as a professional office. The single-family residence and property is in an area zoned as residence A-1, in which certain accessory uses, including use of the house for "[a]ny profession or customary home occupation", are allowed.

Osborn is a certified social worker who is licensed by the Department of Education. In petitioners' application for a building and zoning permit, Osborn stated her intention to establish an office in her home to conduct client consultations in family therapy lasting approximately 50 minutes in length. Less than 20% of petitioners' residence would be used for office space and Osborn would have no employees. Parking space for one automobile would be available during the hours of consultation.

In a letter dated August 1, 1986, respondent stated that the proposed office was not permitted either as a primary or accessory use in a residence A-1 district and that no action could therefore be taken on the application. After respondent failed to take any action on petitioners' application following public hearings on October 14, 1986 and November 25, 1986, petitioners commenced a proceeding pursuant to CPLR article 78 seeking a judgment in the nature of mandamus to compel respondent to issue a determination on their application. The petition was granted and respondent was directed to render a decision. By letter dated February 11, 1988, respondent denied petitioners' application. Petitioners then commenced the instant article 78 proceeding to annul the determination. Supreme Court, after a hearing, annulled respondent's decision and ordered it to issue site plan and accessory use approval to petitioners. This appeal by respondent ensued.

We affirm. Petitioners' residence is located in an area zoned as residence A-1. Pursuant to Town of Colonie Zoning Code § 190-9 (hereinafter the Code), certain accessory uses are permitted in residence A-1 districts, including, "Any profession or customary home occupation, provided that the same is carried on in the dwelling occupied as the private family residence". The Code defines "accessory use" as, "A use customarily incident and accessory to the principal use or building and located on the same lot therewith." It defines "home occupation" as, "Any use customarily conducted * * * within a dwelling * * * which use is clearly incidental and secondary to the use of the dwelling * * * and does not change the residential character of the exterior thereof". Since respondent concedes that Osborn is a professional and that her proposed use of the office is the type of use contemplated by

the "home occupation" portion of the Code, the sole issue is whether Osborn's intended use qualifies as an "accessory use".

In interpreting the Code's definition of "accessory use", respondent relies upon the fact that Osborn's proposed office use is not customarily incident and accessory to the residential use. We disagree. Accessory use is generally judged by the nature of the dominant use or whether the applicant also resides in the premises *(Matter of Schwartz v Chave,* 53 Misc 2d 1007, 1008). Indeed, section 190-9 of the Code specifically permits accessory uses in residential districts provided that the profession or customary home occupation is conducted in the house occupied by the worker. It is well recognized that a professional office can constitute an accessory use in a residence *(see,* 12 NY Jur 2d, Buildings, Zoning, and Land Controls, § 195, at 193).

Here, Osborn's proposed use for the practice of her profession is not the dominant use of the premises as she intends to see only one patient at a time and off-street parking is provided for that patient. The primary use of the dwelling for living purposes is unchanged by the proposed secondary use, which neither changes the residential character of the exterior nor results in the display of commodities for sale or the rendering of services other than those of Osborn's profession. It is not unusual or unprecedented for professional offices to be used on a full-time basis as an accessory use of a residence, particularly where, as here, petitioners have fulfilled all the requirements of the ordinance. Since the proposed use is clearly an "accessory use" and petitioners have satisfied all the requirements and conditions set forth by the town's zoning laws, they are entitled to approval of the plan to use their residence for a professional home office for Osborn *(see,* 1 Anderson, New York Zoning Law and Practice § 12.07, at 601 [3d ed]).

Judgment affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Mercure, JJ., concur.