■ In the Matter of 2433 KNAPP STREET RESTAURANT BAR INC., Doing Business as THE BAY CLUB, Respondent, v DEPARTMENT OF CONSUMER AFFAIRS OF THE CITY OF NEW YORK et al., Appellants.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the appellants Department of City Planning and Department of Environmental Protection to process the petitioner's application for a city environmental review and to compel the appellant Board of Standards and Appeals and the appellant Department of Buildings to render a determination on an application for a special permit, the appeal, as limited by the appellants' brief, is from so much of a judgment of the Supreme Court, Kings County (Duberstein, J.), dated November 1, 1988, as directed the appellants to provide the petitioner within 15 days with a list of items they required in order to complete the processing of the special permit, directed the petitioner to respond to the appellants' demands within 30 days, and directed a full hearing on the application to be conducted before the appellant Bureau of Standards and Appeals within 15 days thereafter.

Ordered that the judgment is modified by deleting the sentences beginning with the words, "Respondents shall have 15 days" and ending with the words, "within 15 days"; by deleting the sentences beginning with the words, "Time periods shall commence" and ending with the words "in one list" and by substituting therefor the following: "The respondents DEP and DCP are directed to forward to the BSA all materials relating to the petitioner's application for a city environmental review. The BSA is directed to make a declaration as

to the environmental effect of the petitioner's application for a special permit"; as so modified, the judgment is affirmed, without costs or disbursements; and it is further,

Ordered that the time period for the Department of Environmental Protection and the Department of Consumer Affairs to comply with the order. of the Supreme Court is extended until five days after service upon it of a copy of this decision and order with notice of entry; the Bureau of Standards and Appeals' time to comply is extended until 35 days after service upon it of a copy of this decision and order, with notice of entry.

The appellants contend that it is inappropriate to order mandamus relief under the circumstances of this case. We disagree. A proceeding pursuant to CPLR article 78 in the nature of mandamus is used to compel the performance of a duty which is ministerial in nature and involves no exercise of judgment or discretion (see, Siegel, NY Prac § 558; *Matter of Hamptons Hosp. & Med. Center v Moore,* 52 NY2d 88, 97). However, as observed by the Court of Appeals, "What has been somewhat lost from view is [the] function of mandamus to compel acts that officials are duty-bound to perform, regardless of whether they may exercise their discretion in doing so" *(Klostermann v Cuomo,* 61 NY2d 525, 540). The mandamus relief ordered in this case is proper inasmuch as it requires the appellant Board of Standards and Appeals to decide the petitioner's application, not to approve it *(see, Matter of Stuart & Stuart v New York State Liq. Auth.,* 29 AD2d 176, 177). In light of the appellants' approximately 2½-year delay in deciding the petitioner's pending application, fairness "requires that a hearing be held and a determination rendered promptly" *(Matter of Utica Cheese v Barber,* 49 NY2d 1028, 1030). However, since we see no need to delay this matter with further discovery, we have modified the relief to the extent indicated. Kunzeman, J. P., Kooper, Sullivan and Balletta, JJ., concur.