OPINION OF THE COURT
Joseph Covello, J.
The issue before this court is one of first impression. The question posed is whether or not a defendant, in a criminal action, is entitled to a stay of enforcement of the Town of Oyster *530 Bay code, pursuant to Town Law § 267-a (6), involving issues that were appealed to the Zoning Board of Appeals.
The essence of the criminal charges filed against the defendant are largely related to the legality of the use as it presently exists, with two exceptions, those being an allegation that the electrical wiring and the signage do not comply with the rules and requirements of the municipality.
The Town of Oyster Bay contends that the defendant should not be entitled to what appears to be an automatic stay of these proceedings after the defendant sought injunctive relief in the Nassau County Supreme Court.
STATEMENT OF THE FACTS
Baris Shoe Company, Inc., hereinafter referred to as Baris Shoe, is a tenant of premises located at 280 Duffy Avenue, Hicksville. The subject premises is located in a "H” light industrial zoning district, and is presently improved with a one-story masonry building which has approximately 50,000 square feet. Of said building approximately 10% or 5,000 square feet is used as office space and retail sales space and 90% or 45,000 square feet is warehouse use.
On or about February 14,1990, a letter was sent to the Town of Oyster Bay Commissioner of Planning and Development requesting a compliance letter concerning the legality of the proposed use and occupancy of the building. Said proposed use was to be 90% warehouse purposes, and 10% accessory retail- and office space.
By letter dated February 20, 1990, the then Commissioner of Planning and Development for the Town, who also serves as the principal zoning enforcement officer, opined that the proposed use was in compliance with the building zone ordinance and could be legally operated.
On or about October 22, 1994, the Department of Planning and Development issued a ruling which was contrary to its ruling contained in the February 20, 1990 letter. Said letter stated, in sum and substance, that the retail use was not now permitted as an accessory use to the principal warehouse use.
On or about July 21, 1993, and then again in October 1994, the defendant was served with a summons alleging violations of the Town of Oyster Bay Ordinance § 246-272, which ostensibly involved the use of the premise for retail sales in an "H” light industrial zoning district. Said summons alleged that retail sales are not permitted without the benefit of a special use permit issued by the Town Board.
On or about December 19, 1993, the defendant sought a *531 declaratory judgment against the Town of Oyster Bay by way of an action commenced in the Supreme Court, County of Nassau.
On or about December 6, 1994, Surrey Company, the landlord, filed an appeal to the Town of Oyster Bay Zoning Board of Appeals, which in part, challenged the determination that the existing use, permitted by letter of February 20, 1990, was now illegal.
Thereafter, Baris Shoe joined in the appeal as a coapplicant. The essence of this appeal, in part, sought an interpretation of the building zone ordinance of the Town of Oyster Bay regarding accessory uses in an "H” light industrial zoning district.
In essence, Baris Shoe, faced with conflicting interpretations of the code, appealed the most recent adverse interpretation to the Zoning Board of Appeals for clarification and/or reversal of said ruling.
Baris Shoe’s Supreme Court action was concluded after Baris Shoe sought summary judgment, with the Town of Oyster Bay cross-moving for dismissal of the complaint on the grounds that Baris Shoe failed to exhaust its administrative remedies. Justice Patricia D. Collins, Supreme Court, County of Nassau, by decision dated August 1, 1994, denied Baris Shoe’s motion for summary judgment and granted the Town of Oyster Bay’s cross motion dismissing the complaint. Justice Collins stated: "With respect to the defendants request for dismissal of the complaint, inasmuch as summary judgment had been granted in favor of the defendant dismissing the complaint for failure of the plaintiff to exhaust its administrative remedies, no order of dismissal is required and is denied as moot”.
In addition, Justice Collins denied the Town of Oyster Bay’s request for permanent injunctive relief and permitted Baris Shoe to continue operating its business until such time as the administrative remedies available to Baris Shoe were exhausted.
Given the fact that Justice Collins had declared that Baris Shoe had failed to exhaust its administrative remedies, and further, that the courts have continually held that it will not substitute its decisions for that of the local municipality, it is this court’s opinion that any reference made by Justice Collins to the fact that Baris Shoe should seek a special use permit from the Town Board was not intended to preclude Baris Shoe from pursuing any alternative administrative remedies that are available to Baris Shoe.
On January 18, 1996, the Zoning Board, without the benefit of a public hearing, dismissed Baris Shoe’s appeal, claiming, in *532 part, that it did not have subject matter jurisdiction in view of the decision of Justice Patricia Collins.
On or about February 22, 1996, Baris Shoe filed a CPLR article 78 proceeding in the Supreme Court, State of New York, County of Nassau, challenging the Zoning Board’s dismissal of the appeal.
Thereafter, by stipulation dated May 24, 1996, Baris Shoe and the Zoning Board of Appeals agreed to discontinue the article 78 proceeding, and the Zoning Board of Appeals would reinstate Baris Shoe’s appeal. The stipulation further stated that the appeal would be held in abeyance pending the outcome of an application for a special use permit which is to be heard by the Town Board of the Town of Oyster Bay.
To date, no hearing has been held by the Town Board nor the Zoning Board in the Town of Oyster Bay.
CONCLUSIONS OF LAW
Baris Shoe seeks by way of this motion to impose upon the Town the automatic stay provision contained in section 267-a (6) of the Town Law which provides as follows: "Stay upon appeal. An appeal shall stay all proceedings in furtherance of the action appealed from, unless the administrative official charged with the enforcement of such ordinance or local law, from whom the appeal is taken, certifies to the board of appeals, after the notice of appeal shall have been filed with the administrative official, that by reason of facts stated in the certificate a stay, would, in his or her opinion, cause imminent peril to life or property, in which case proceedings shall not be stayed otherwise than by a restraining order which may be granted by the board of appeals or by a court of record on application, on notice to the administrative official from whom the appeal is taken and on due cause shown”.
Baris Shoe contends that "upon the filing of appeal to the Board of Appeals, any enforcement proceedings related to the matter appealed from” are automatically stayed. In addition, Baris Shoe argues that the only exception is in a case where the administrative official charged with enforcement certifies in writing that a stay would cause "imminent peril to life or property” and that no such request nor certificate has been filed with the Zoning Board of Appeals regarding this matter.
Town Law § 267-a (4) gives the Zoning Board of Appeals the power to: "review * * * any order, requirement, decision, interpretation, or determination made by the administrative of *533 ficial charged with the enforcement of any ordinance or local law adopted pursuant to this article.”
Undisputed, it is a fact that Baris Shoe operated its retail shoe business for approximately four years, and that said operation was in reliance upon said certification letter. Said letter concluded in relevant part that a warehouse in which shoes were kept, which comprised 90% of the total square footage of the building, can have as an accessory use to said warehouse, office space and retail sales space, comprising approximately 10% of the square footage at the said location.
Thereafter, Department of Planning and Development concluded that same was erroneous and that the existing accessory use was illegal and that a special use permit must be obtained from the Town Board.
It is this difference of opinion that was appealed for consideration to the Zoning Board of Appeals, which is clearly empowered by the New York State Legislature to entertain such an appeal.
It is not the province of this court nor any other court to anticipatorily evaluate the viability of the appeal and substitute the court’s decision for, and prior to, the Zoning Board of Appeals’ determination. Without a public hearing and a record of the proceedings, no court can review the soundness of that Board’s determination. Clearly, an appeal of an interpretation of the code is the province of the Zoning Board of Appeals. Presently the appeal is pending before the Zoning Board of Appeals. It should also be noted that this appeal was restored to the calendar of the Zoning Board of Appeals by stipulation of Baris Shoe and the Zoning Board of Appeals. The Town argues that it was not a party to this stipulation and thus did not acknowledge passively or otherwise the viability of the issue appealed to the Zoning Board of Appeals. In this regard, the Town is absolutely correct. However, the Zoning Board of Appeals is an autonomous body and therefore had the authority to enter into this agreement.
The Legislature, in passing section 267-a (6) of the Town Law, directed the "stay [of] all proceedings in furtherance of the action appealed from”. It is this court’s opinion that there is a rational basis as to why the Legislature has this "automatic stay” provision. At the outset, it appears that the Legislature did not want a court substituting its opinion for that of the Zoning Board prior to the Zoning Board’s hearing and determination.
To permit this criminal proceeding to go forward with similar, if not identical underlying issues, would in essence be to *534 put the cart in front of the horse. The Legislature has clearly stated that the automatic stay provision is to be implemented.
There appears to be no reason why this applicant should not receive the benefit of the automatic stay. Baris Shoe has sought by way of an application to the Town Board a special use permit to allow retail sales in an "H” light industrial zoning district. Simultaneous to this filing, Baris Shoe appealed the Town’s adverse interpretation of the code to the Zoning Board of Appeals. The essence of this appeal seeks to reinstate, as the correct interpretation, that interpretation contained in the letter of February 20,1990 which declared retail sales office space, an accessory use to the principal warehouse use and thus was permitted retail sales/office use without leave of the Town Board.
Clearly, Baris Shoe has exercised all administrative avenues available to them by proceeding simultaneously under one theory before the Town Board and under a second theory before the Zoning Board.
No evidence whatsoever has been presented to this court that the automatic stay would "cause imminent peril to life or property”, thus the automatic stay provision applies. (Town Law § 267-a [6].) The Town is directed to take no further enforcement action in furtherance of the action appealed from.
Thus, all charges relating to "use” are hereby stayed. However, the charges relating to electrical wiring and signage contained in the information do not relate to "the action appealed from” and the Town is free to pursue enforcement of said allegations.