OPINION OF THE COURT
Phillip R. Rumsey, J.
On October 15, 1997 the court rendered a decision, on the record, in the above-captioned proceeding denying the Town of *48 Groton’s (Town) motion to preliminarily enjoin the defendants from any use or occupation of certain property, and granting the defendants’ motion to permit them to continue temporarily to operate a restaurant at that property.
One of the disputed issues before the court focused upon section 267-a of the Town Law which relates to the Town Zoning Board of Appeals procedure. In view of the paucity of decisions* on section 267-a and in order to elucidate the reasoning employed by the court, the decision of record is augmented as follows.
The defendants Jeffrey Langer and Kim Langer are occupants in possession and control of a premises located at the corner of Church Street and McLean-Cortland Road in the Town of Groton, New York (property). It is alleged that the defendants represented to George R. Senter, Sr., the code enforcement officer for the Town of Groton (Senter), that they were seeking to open and operate a restaurant at the property.
In September 1997, Senter sent the defendants a letter of compliance with regard to the "Life-Safety Inspection”, and mistakenly, he contends, determined that a special permit/site plan review was not necessary.
On October 1, 1997 Senter learned that the defendants were going to feature nude dancing at the property. On October 2, 1997 Senter spoke with the defendants who indicated to him that they were going to feature "adult entertainment” at the property and that such entertainment was necessary to make defendants’ opening of the premises successful.
On October 4, 1997 Senter posted a notice of violation and a cease and desist order at the premises demanding defendants cease operation of their business. The defendants failed to comply with the order.
The defendants appealed to the Town of Groton Zoning Board of Appeals by application dated October 7, 1997.
Pursuant to Town Law § 267-a (6) an appeal stays "all proceedings in furtherance of the action appealed from, unless the administrative official charged with the enforcement of such ordinance or local law, from whom the appeal is taken, certifies to the board of appeals * * * that by reason of facts stated in the certificate a stay, would, in his or her opinion, cause imminent peril to life or property, in which case proceedings shall not be stayed otherwise than by a restraining order *49 which may be granted by the board of appeals or by a court of record on application, on notice to the administrative official from whom the appeal is taken and on due cause shown.”
On October 8, 1997 Senter certified to the board of appeals that in his opinion a stay would "cause imminent peril to life and property, by reason of the following: The applicant’s use is clearly in violation of the zoning ordinance of the Town of Groton; that the public interest and opposition has been significant; that the applicant’s operation of the premises in complete disregard of the Town’s zoning ordinance has caused substantial public outrage and if not restrained could lead to damage or injury to property and persons; and that applicant’s use of the premises as an adult entertainment facility has had and continues to have a substantial impact on the community causing traffic obstructions, picketing and other forms of public demonstrations which could lead to confrontations between patrons and community residents.” (Affidavit of George Senter, exhibit C.)
Concurrently, the Town commenced an action for a permanent injunction and by a show cause order signed October 9, 1997 with a temporary restraining order, brought the aforementioned motion for a preliminary injunction.
The defendants moved to restrain all proceedings until final judgment has been entered on their appeal to the Town of Groton Zoning Board of Appeals. The defendants’ motion challenged the sufficiency of the certification by Senter.
The Town argues that the mere filing of the certificate by Senter relieves the Town from the stay provision of the statute. It further submits that section 267-a (6) contains no standard for review and requires only that the code enforcement officer hold the opinion that the stay would cause "imminent peril to life or property” to avoid the automatic stay provisions.
Granted that initially the filing of the certificate operates to nullify the automatic stay, the defendants seek a restraining order which raises the question of the adequacy of the certification.
The design of section 267-a (6) contemplates that the automatic stay in the Town Law can be lifted by the filing of the certificate which in turn can be reimposed "by the board of appeals or by a court of record on application”.
It is the defendants’ motion for a restraining order that now has the court consider whether the certification is so insuf *50 ficient as to support in essence the reinstatement of the automatic stay.
A stay maintains the status quo during the appeal process. It is a protection afforded the property owner / occupant appellant by statute unless a clear danger to the public is demonstrated, in which case the public interest must then prevail.
Section 267-a (6) specifically states that "by reason of facts stated in the certificate” the enforcement officer holds the opinion that a stay would cause imminent peril to life or property. Clearly more is required than unsupported impressions. No matter how confident Senter may be in his beliefs, his unsupported views are not sufficient to nullify the stay to which the Town Law entitles the defendants.
Senter has provided no facts to substantiate his assertion of traffic obstructions. He conjectures without any factual basis that public demonstrations could lead to confrontations. All told, there are no facts to support Senter’s opinion or to substantiate any imminent danger to life or property.
It would upset the balance of rights and due process to hold that the certificate of imminent peril regardless of its substance obviates the significant statutory right of a stay pending appeal.
The court finds that it is the burden of the one filing a certificate of imminent peril to support the opinion by facts. The certificate does not evidence such facts on its face and the defendants are entitled to a restraining order under the Town Law during the pendency of their appeal.

 No cases have been found that examine the sufficiency of a certificate of imminent peril (Town Law former § 267 [4]; § 267-a [6]).