OPINION OF THE COURT
David Otis Fuller, Jr., J.
The question raised by this motion is whether the stay provided by section 7-712-a (6) of the Village Law should ap *62 ply. On May 18, 1999, the Village issued four zoning appearance tickets to the movant, Bell Atlantic, for no certificate of occupancy, change in use of land without obtaining certificate of occupancy, no site plan approval and no screening of operations, at a site on 109 Marbledale Road. After Bell Atlantic demanded a jury trial on these charges (which had been supplemented by informations), a jury trial was scheduled for September 28, 1999. On September 27, 1999, Bell Atlantic appealed in part the subject matter of the informations to the Zoning Board of Appeals and claimed a stay of the jury trial under section 7-712-a (6) of the Village Law. That section provides in pertinent part as follows: “Stay upon appeal. An appeal shall stay all proceedings in furtherance of the action appealed from.”
Village counsel agreed that a stay of the trial was required and the trial date was cancelled. Bell Atlantic withdrew its appeal to the Zoning Board, but then filed a new appeal dated November 29, 1999, continuing to claim the stay. The appeal sought to “overturn decision of the Village of Tuckahoe Building Inspector that the present use of the premises is a change of use which requires site plan approval and a certificate of occupancy for the premises; and overturn the decision of the Village of Tuckahoe Building Inspector that the present use of the premises must be contained within an enclosed building.”
The Village, reversing its earlier position, contended that because Bell Atlantic had not requested action from or received a notice of violation from the Building Inspector, as opposed to receiving appearance tickets for the court, Bell Atlantic’s appeal was not from the type of action contemplated by section 7-712-a (6) and therefore a stay was not required.
Bell Atlantic brought this motion for a ruling that the stay was, in fact, required. For the reasons stated below, this court finds that a stay of the trial is required until the Zoning Board of Appeals has rendered a decision on Bell Atlantic’s appeal.
Bell Atlantic cites three decisions in support of its motion: People v Baris Shoe Co. (174 Misc 2d 529), Town of Groton v Langer (175 Misc 2d 47), and People v Fells (133 Misc 2d 341). The Village does not dispute the validity of these decisions, but points out that in none of them was the appeal to the Zoning Board of Appeals from actions pursued by a municipality in court. The appeals were rather from some noncourt action of the Building Inspector denying an application or issuing a notice of violation. While this may be the case, it does not take away from the quoted statute. The statute mandates a stay *63 when the issue before the court and the issue before the Zoning Board of Appeals are the same. That the appeal did not originate in the denial of an application or notice of violation is immaterial. In fact, accepting the Village’s position would leave it to the discretion of the Building Inspector whether or not there was a stay. When the Building Inspector attempted to enforce a zoning law in court rather then begin by issuing a notice of violation or denial of an application, an appeal to the Zoning Board of Appeals, in the Village’s view, would not result in a stay. This is to exalt the form, which could be chosen by the Village, over substance.
The purpose of the stay is to obtain a definitive ruling from the Zoning Board of Appeals before moving to a judicial determination. If, for instance, without a stay, a jury were to find Bell Atlantic guilty of the alleged violations, the Zoning Board of Appeals could later find Bell Atlantic in compliance; thus, in effect, reversing the jury’s decision. The Village should first await the exhaustion of administrative interpretations and then proceed with its case in this court if the Zoning Board of Appeals sustains the Village’s position.
Accordingly, Bell Atlantic’s motion for a stay of the trial pursuant to section 7-712-a (6) of the Village Law is granted.