In the Matter of MAMARONECK BEACH & YACHT CLUB, INC., Respondent, v LARRY FRAIOLI et al., Appellants. [808 NYS2d 303]—

In a proceeding pursuant to CPLR article 78, inter alia, to compel the Planning Board of the Village of Mamaroneck to proceed with site plan review of an application for site development plan approval filed by the petitioners on January 9, 2004, the appeal is from an order and judgment (one paper) of the Supreme Court, Westchester County (Lippman, J.), entered April 21, 2004, which granted the petition and, among other things, directed the Planning Board of the Village of Mamaroneck to conduct an environmental review and proceed with site plan review.

Ordered that the order and judgment is affirmed, with costs.

The Mamaroneck Beach and Yacht Club (hereinafter the Club) owns real property in the Village of Mamaroneck improved by a beach and yacht club, which it sought to improve

with alterations to the existing clubhouse and the construction of seasonal residences. The Club submitted its application for site development plan approval (hereinafter the application) dated January 9, 2004, to the Planning Board of the Village of Mamaroneck (hereinafter the Planning Board). Thereafter, the village building director determined that the application was in compliance with local zoning laws, including permitted uses, i.e., accessory uses. The appellants, the Planning Board and some of its members, reviewed the application and, in a memorandum dated February 18, 2004, the Planning Board consultant concurred that the application was appropriate as it concerned "permitted principal and accessory uses." Three weeks later, the Board of Trustees of the Village of Mamaroneck began to contemplate declaring a moratorium for the MR Marine Recreation Zone, in which the Club is located, specifically, to address "the meaning and definition of an accessory use," and advised the Planning Board that it might consider withholding further action on the application pending a decision on the proposed moratorium. Within days, Shore Acres Property Owners Association (hereinafter SAPOA), a group of neighboring landowners, submitted an application to the Village's Zoning Board of Appeals (hereinafter ZBA) seeking review of the village building director's determination that the application complied with accessory uses under the Village Zoning Code. SAPOA also advised the Planning Board of its position that the Planning Board was stayed from taking any further action on the application pending a ZBA decision on its appeal pursuant to Village Law § 7-712-a (6). When the Club appeared before the Planning Board on March 25, 2004, it was informed that no action would be taken on the application because of the stay triggered by SAPOA's appeal.

By this proceeding, the Club sought to compel the Planning Board to declare its intent to act as lead agency, conduct the appropriate environmental review pursuant to the State Environmental Quality Review Act (ECL art 8) (hereinafter SEQRA), and proceed with site plan review of the application and render a decision. The Supreme Court granted the petition "in its entirety," determining that mandamus was warranted to compel the Planning Board to consider, review, and render a decision in regard to the application in accordance with SEQRA requirements "since the Planning Board failed to act within 45 days pursuant to Village Zoning Code § 342-79, and neither the SAPOA appeal or the Planning Board's referral to the Zoning Board of Appeals stays the Planning Board from acting on [the] Petitioner's Application." We agree, and accordingly, affirm.

The Supreme Court correctly determined that the automatic

stay provision of Village Law § 7-712-a (6) governing appeals to a Zoning Board of Appeals does not apply to the filing of an appeal by a third party (*see Barnathan v Garden City Park Water Dist.,* 21 AD2d 832 [1964]; *see also Bonded Concrete v Town of Saugerties,* 282 AD2d 900 [2001]). This conclusion, moreover, is consistent with the legislative intent of that provision and that of the identical Town Law § 267-a (6) (*see People v Bell Atl.,* 183 Misc 2d 61 [2000]; *People v Baris Shoe Co.,* 174 Misc 2d 529 [1997]; *Lindner v Incorporated Vil. of Freeport,* 61 Misc 2d 667 [1969]).

In any event, as the Supreme Court determined, irrespective of any stay of proceedings, the Planning Board's failure to act pursuant to the applicable local code provision (*see* Village of Mamaroneck Zoning Code § 342-79) requiring it to "review the site development plan and act on the application within forty-five (45) days from and after the time of submission of the preliminary plan," as well as provisions of SEQRA and the regulations promulgated thereunder (*see* 6 NYCRR 617.6 [b] [3] [i], [ii]) warranted mandamus relief (*see Matter of Mennella v Lopez-Torres,* 229 AD2d 153 [1997], *affd* 91 NY2d 474 [1998]; *Matter of 2433 Knapp St. Rest. Bar v Department of Consumer Affairs of City of N.Y.,* 150 AD2d 464 [1989]; *Matter of Osborn v Planning Bd. of Town of Colonie,* 146 AD2d 838 [1989]; *cf. Nyack Hosp. v Village of Nyack Planning Bd.,* 231 AD2d 617 [1996]).

The remaining contentions of the appellants and SAPOA are without merit. Adams, J.P., S. Miller, Ritter and Rivera, JJ., concur.