# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**921**

**CA 14-00091**

PRESENT: CENTRA, J.P., CARNI, VALENTINO, AND WHALEN, JJ.

---

BRISTOL HOMEOWNERS ENVIRONMENTAL PRESERVATION
ASSOCIATES, LLC, PLAINTIFF-APPELLANT,

V                                                MEMORANDUM AND ORDER

TOWN OF SOUTH BRISTOL, TOWN OF SOUTH BRISTOL
PLANNING BOARD, SOUTH BRISTOL RESORTS, LLC,
BRISTOL HARBOUR DEVELOPMENT, LLC, CHRISANNTHA
CONSTRUCTION, IVERSEN CONSTRUCTION AND
CHRISTOPHER IVERSEN, DEFENDANTS-RESPONDENTS.

---

FRANK A. ALOI, ROCHESTER, AND PHILIP ABRAMOWITZ, BUFFALO, FOR
PLAINTIFF-APPELLANT.

LECLAIR KORONA GIORDANO COLE LLP, ROCHESTER (JEREMY M. SHER OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS TOWN OF SOUTH BRISTOL AND TOWN OF
SOUTH BRISTOL PLANNING BOARD.

KNAUF SHAW LLP, ROCHESTER (ALAN J. KNAUF OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS SOUTH BRISTOL RESORTS, LLC, BRISTOL HARBOUR
DEVELOPMENT, LLC, CHRISANNTHA CONSTRUCTION, IVERSEN CONSTRUCTION AND
CHRISTOPHER IVERSEN.

---

Appeal from an order and judgment (one paper) of the Supreme
Court, Ontario County (Frederick G. Reed, A.J.), entered October 29,
2013. The order and judgment granted the motions of defendants to
dismiss the complaint, dismissed the complaint and denied the cross
motion of plaintiff for a preliminary injunction.

It is hereby ORDERED that the order and judgment so appealed from
is unanimously affirmed without costs.

Memorandum: In 2005, defendant Town of South Bristol Planning
Board (Planning Board) issued a negative declaration of environmental
significance and site plan approval for a 24-unit townhouse
construction project. In 2009, as a result of the developer's
conversion of the project to one involving condominiums, the Planning
Board issued a second negative declaration and site plan approval. On
October 19, 2012, the Planning Board approved a resubdivision of the
site from 24 individual lots to 2 lots. No CPLR article 78 challenge
was taken by plaintiff at any time with respect to any of the above
administrative actions.

The Town of South Bristol Town Code (Code) includes a provision

that site plan approval "will automatically terminate two years after the same is granted unless significant work has commenced on the project" (§ 170-94 [J]). At a regular meeting of the Planning Board on December 19, 2012, the agenda included a discussion item concerning the definition of "significant work" within the meaning of Code § 170-94 (J). The Planning Board Chairman read into the record the written opinion of the Town Code Enforcement Officer, i.e., that "significant work" on a condominium project was not limited to actual physical construction on the project site, but could include substantial financial investment and effort spent in gaining state approval of the condominium project. The Town Code Enforcement Officer further determined that "significant work has commenced on the project." No CPLR article 78 challenge was taken by plaintiff with respect to that determination.

Plaintiff commenced this action on July 17, 2013 seeking a declaration that, inter alia, the 2009 site plan approval had automatically terminated because "significant work" had not been timely commenced on the project. Defendants moved pursuant to, inter alia, CPLR 3211 (a) (5) to dismiss the complaint on the ground that all causes of action were time-barred. Plaintiff cross-moved pursuant to CPLR article 63 for a preliminary injunction halting any construction work or development of the site. Supreme Court granted defendants' motions and denied plaintiff's cross motion. We affirm.

We reject plaintiff's contention that the action was timely and properly brought as a declaratory judgment action pursuant to CPLR 3001. Although a six-year limitations period governs declaratory judgment actions (see CPLR 213 [1]), it is well settled that if such claim could have been brought in another form, then the shorter limitations period applies (see *Solnick v Whalen*, 49 NY2d 224, 229-230). Here, Town Law § 274-a (11) provides for a 30-day limitations period for challenging "a decision of the [planning] board or any officer, department, board or bureau of the town" under CPLR article 78. Thus, plaintiff's challenge to the Town Code Enforcement Officer's determination of the meaning of "significant work" under Code § 170-94 (J) could have been brought in a CPLR article 78 proceeding under Town Law § 274-a (11). Assuming arguendo, as plaintiff contends, that no administrative appeal from such determination was required or available, the action was not commenced within the 30-day limitations period set forth in section 274-a (11), and the court therefore properly granted defendants' motions to dismiss on that ground (see *Kreamer v Town of Oxford*, 91 AD3d 1157, 1158-1159). Likewise, any challenge to the 2005, 2009 or 2012 Planning Board's actions could have been brought in a CPLR article 78 proceeding, and thus the instant action, even though denominated as one for a declaratory judgment, also was not timely commenced within the 30-day limitations period applicable to each such action of the Planning Board (see Town Law § 274-a [11]; *see also* Town Law §§ 267-c [1]; 282).

We reject plaintiff's further contention that, with respect to the Town Code Enforcement Officer's determination, there was no administrative action and thus "nothing to appeal." Contrary to

plaintiff's contention, Code § 170-92 (B) specifically provides for an appeal to the Zoning Board of Appeals where it is alleged that there is an error in any order or decision made by an administrative officer or body in the enforcement of the Code (*see generally Matter of Mamaroneck Beach & Yacht Club, Inc. v Fraioli*, 24 AD3d 669, 670). Thus, plaintiff failed to pursue the available administrative appeal (*see Matter of Charest v Morrison*, 48 AD3d 1178, 1179), and the 30-day period of limitations applicable to judicial review therefrom cannot be circumvented by "the simple expedient of denominating the action one for declaratory relief" (*Matter of Cullinan v Ahern*, 212 AD2d 103, 105).

We have considered plaintiff's remaining contentions and conclude that they are without merit.

Entered:  November 14, 2014                     Frances E. Cafarell
                                                Clerk of the Court